Neale WOOD, Appellant,

v.

Diane TICE, D.D.S.; Barry Solomon, D.D.S.; and Dental Centers of America, L.L.C., also doing business as Windsor Dental Center, Appellees.

No. 04–98–00392–CV.

Court of Appeals of Texas, San Antonio.

Feb. 17, 1999.

From the 57th Judicial District Court, Bexar County, Texas Trial Court No. 98–CI–

03977 Honorable Peter Michael Curry, Judge Presiding.[1]

Randy Gathany, David W. Rogers, Law Offices of Dave Rogers, Inc., San Antonio, for Appellant.

Todd A. Prins, Stanley E. Faye, Edward C. Mainz, Jr., Robert B. Biechlin, Jr., Thornton, Summers, Biechlin, Dunham & Brown, L.C., San Antonio, for Appellee.

Before CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

PAUL W. GREEN, Justice.

Neale Wood appeals an order dismissing his suit for failing to file an expert report under the Medical Liability and Insurance Improvement Act. Wood contends he satisfied the statute with an expert's deposition transcript. Alternatively, Wood maintains the trial court abused its discretion by denying him an extension of time to file an expert report. Finding no error, we affirm.

## Background

On November 1, 1996, Wood sued Diane Tice, Andre Smith, Barry Solomon, and Dental Centers of America, L.L.C. for negligent treatment of a chipped tooth. In March 1997, Wood took Dr. Smith's deposition, which was transcribed and distributed to Drs. Tice, Smith, and Solomon on April 17, 1997. Dental Centers did not receive a copy of the deposition.

In January 1998, the defendants moved to dismiss the case based on Wood's failure to provide an expert's report. See TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d–e) (Vernon Supp.1998) ("Medical Liability Act"). In response, Wood filed a motion for extension of time to file an expert report, which included an affidavit indicating his belief that Dr. Smith's deposition satisfied the statute. On January 16, the trial court orally granted a dismissal with prejudice. Its order, however, was not signed until March 10.

On April 23, Wood moved for a new trial, arguing he did not learn about the signed order until April 15. See TEX.R.APP. P. 304a(4–5). He also urged the court to grant him an extension of time to file an expert report. The trial court denied the motion for new trial, finding it had no jurisdiction. The court also denied Wood's motion to reconsider.[2] Despite Wood's lack of notice, he timely perfected this appeal.

## Compliance with the Medical Liability Act

Wood claims he satisfied the Medical Liability Act with a copy of Dr. Smith's deposition. In contrast, the defendants contend the deposition is too "generalized and speculative" to satisfy the statute's requirement of an expert report. We agree with the defendants.

We review the trial court's dismissal order with the abuse of discretion standard. See *Pony Express Courier Corp. v. Morris,* 921 S.W.2d 817, 820 (Tex.App.—San Antonio 1996, no writ). In applying this standard, we defer to the trial court's factual determinations but review questions of law de novo. *Id.; see also Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989) (describing statutory construction as question of law).

The legislature enacted the Medical Liability Act to curtail frivolous claims against physicians and other health care providers. *Horsley–Layman v. Angeles,* 968 S.W.2d 533, 537 (Tex.App.—Texarkana 1998, no pet.). To that end, section 13.01 requires a plaintiff to provide each defendant with one or more expert reports relating to liability and causation. See TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(i–j) (Vernon Supp.1998); HOUSE COMM. ON CIVIL PRACTICES, BILL ANALYSIS, Tex. H.B. 971, 74th Leg., R.S. (1995). The expert report must be "furnish[ed]," together with a curriculum vitae, no later than 180 days after suit is filed. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Supp.1998). If the plaintiff fails to timely provide the report, the trial court "shall, on

---

1. The Honorable Peter Michael Curry signed the appealable order, but the Honorable Martha Tanner presided at the hearing.

2. Technically, the motions should have been dismissed for lack of jurisdiction.

the motion of the affected physician or health care provider, enter an order" dismissing the suit with prejudice. *Id.* § 13.01(e).[3]

■ The statute defines "expert report" as a "written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." *Id.* § 13.01(r)(6). The report must specifically refer to the defendant and discuss how that defendant breached the applicable standard of care. *See Horsley–Layman,* 968 S.W.2d at 535; *cf.* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(*l*) (Vernon Supp.1998) (requiring good faith effort to comply with the definition of expert report).

■ Wood filed suit on November 1, 1996. His expert's report was due April 30, 1997. On April 17, the individual defendants received copies of Dr. Smith's deposition, but Wood neither provided Dental Centers with a copy nor did he indicate he would rely on the deposition as an expert report. Because Dental Centers is a health care provider entitled to receive a report, the trial court did not abuse its discretion in dismissing Wood's claim against that defendant. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 1.03(a)(3) (Vernon Supp.1998) (defining health care provider as a professional association providing dental services); *see also id.* § 13.01(d–e).

■ To determine whether the trial court properly dismissed the remaining defendants, we must evaluate whether Dr. Smith's deposition satisfies the definition of an "expert report." At the dismissal hearing, Wood argued the following excerpt satisfied the definition by establishing the liability of Dr. Tice:

Q. So when a patient comes in with any type of a complaint, you should take an x-ray, no matter what?

A. Yes.

Q. Okay. And would it be below the minimum accepted standard of care to fail to take that x-ray?

A. Yes.

. . .

Q. If it turns out that there was an x-ray that was taken, and for some reason was not shown in here, and that this x-ray appeared somewhere in the future and it showed that there had been an infection in it, would it have been—infection in Tooth No. 12, would it have been below the minimum standard of care to put this miracle mix on there anyway? . . .

A. Yes, sir.

The deposition also includes the following information about Dr. Tice's potential liability:

Q. Would you, going back to the reference to the reasonably prudent dentist, would you consider that it would be below a minimum standard of care for a dentist to start a root canal that soon after the procedures that are described for November 5th of 1994?

. . .

A. I don't think any reasonable and prudent dentist would.

At the dismissal hearing, Wood claimed the following excerpt discussed Dr. Solomon's liability:

Q. When you—so what type of guidelines were established with them for the means whereby you did various procedures?

A. There were really no guidelines except for self-imposed guidelines.

Q. So if a dentist chose to on an individual basis, was there anybody overseeing that dentist [sic]—the quality of that dentist's work?

A. No, sir.

The deposition testimony fails to mention the defendants by name, fails to specify how

---

**3.** The Medical Liability Act also permits dismissal if the plaintiff fails to "file" either a cash deposit, cost bond, or expert report 90 days after suit is filed. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(a–b) (Vernon Supp.1998). This provision was not raised by the defendants in the trial court.

the defendants breached the standard of care, and fails to demonstrate causation and damages. Furthermore, there is no indication the deposition included a copy of Dr. Smith's curriculum vitae. Therefore, as a matter of law, Dr. Smith's deposition does not satisfy the Medical Liability Act's requirement of an expert report. Accordingly, the trial court did not abuse its discretion in dismissing Wood's claims against the remaining defendants.

### Grace Period

■ Wood argues the trial court erred by denying him a thirty-day grace period under section 13.01(g) of the Medical Liability Act. We disagree.[4]

We review the trial court's decision with the abuse of discretion standard. *Estrello*, 965 S.W.2d at 758. We further note the trial court does not abuse its discretion when it bases its decision on conflicting evidence. *Id.*

■ Section 13.01(g) provides:

Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that *the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake*, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(g) (Vernon Supp.1998) (emphasis added). Proof of accident or mistake must establish "some" excuse, not necessarily a "good" excuse.

*McClure v. Landis*, 959 S.W.2d 679, 681 (Tex.App.—Austin 1997, pet. denied) (applying *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939)).

Wood filed his motion for extension of time on the day the trial court heard the defendants' motion to dismiss. In his motion, Wood alleged "he had a good faith belief that the deposition constituted an expert report." Responding to this assertion during the hearing, counsel David Coates said he discussed the absence of an expert report with plaintiff's counsel, Randy Gathany, in December 1997. According to Coates, Gathany never indicated reliance on Dr. Smith's deposition until the day of the hearing. In contrast, Gathany said he "believe[d]" he "mentioned the deposition."[5] Because the evidence of Wood's reliance was conflicting, we cannot say the trial court abused its discretion in denying Wood an extension of time. *See Estrello*, 965 S.W.2d at 758 (finding no abuse of discretion when evidence conflicted). *Contra Horsley–Layman*, 968 S.W.2d at 536–37 (finding that statement of belief was not controverted).

■ In his motion for new trial, Wood also requested an extension of time to file an expert report. He contends the trial court erred in finding it had no jurisdiction over the motion. The trial court's ruling, however, is irrelevant because the motion for new trial was unnecessary in light of Wood's previous request for an extension of time. *Cf.* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(g) (Vernon Supp.1998) (noting section 13.01(g) may be invoked before dismissal under section 13.01(e)); *McClure*, 959 S.W.2d at 682 (demonstrating section 13.01(g) may be invoked after dismissal under section 13.01(e)). Additionally, Wood's motion for new trial offered no new evidence regarding his lack of intentional or conscious indifference. Instead, it was limited to new allegations that

---

4. This case does not involve any other extensions of time permitted by the Medical Liability Act. *See, e.g.,* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(h) (Vernon Supp.1998) (extending 180–day period by agreement); *id.* § 13.01(f) (extending 180–day period by court order); *cf. Estrello v. Elboar*, 965 S.W.2d 754, 758 (Tex.App.—Fort Worth 1998, no pet.) (suggesting a § 13.01(f) extension must be requested by the plaintiff and

granted by the court within 30 days of the date the 180–day period ends).

5. Neither attorney objected to the unsworn testimony. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex.1997) (finding unsworn attorney testimony to be evidence in the absence of an objection).

he did not timely receive notice of the dismissal order.[6] Despite this lack of notice, Wood timely perfected his appeal. Thus, Wood's complaint is without merit.

### Conclusion

We affirm the trial court's dismissal order.

---

**6.** In contrast, the defendants offered additional evidence that Gathany told Coates in their December conversation that "the courts never dismiss a case for failing to file an expert's report."