NUMBER 13-99-318-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


CHERYL TESCH, Appellant,


v.



DAVID W. STROUD, M.D., Appellee.

____________________________________________________________________


On appeal from the 377th District Court of Victoria County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 Appellant, Cheryl Tesch, appeals the dismissal of her medical
malpractice action against appellee, David W. Stroud, M.D. In two
issues, appellant contends the trial court erred by: (1) dismissing her
cause of action, and (2) denying her motion for new trial. We affirm.

A. Background and Procedural History


 The 24-year-old appellant filed a medical malpractice action
against appellee on May 18, 1998, alleging that appellee's negligent
performance of pelvic surgery left her incontinent. The Medical Liability
and Insurance Improvement Act ("the Act"), found in article 4590i of the
Texas Revised Civil Statutes, governs medical malpractice actions. Tex.
Rev. Civ. Stat. Ann. art. 4590i (Vernon Supp. 2000). The Texas
Legislature implemented the Act to address the perceived problem that
litigants were filing unmeritorious claims against medical practitioners
which were not adequately investigated in a timely manner; this
supposedly led doctors to settle such suits, regardless of the merits,
and also to expend great amounts of money in defending against
ultimately frivolous claims. House Comm. on Civil Practices, Bill
Analysis, Tex. H.B. 971 74th Leg., R.S. (1995); see also Wood v. Tice,
988 S.W.2d 829, 830 (Tex. App.--San Antonio 1999, pet. denied);
Horsley-Layman v. Angeles, 968 S.W.2d 533, 537 (Tex.
App.--Texarkana 1998, no pet.). To that end, section 13.01(d) of the
Act requires the filing of an expert report detailing causation and
liability. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d); Wood, 988
S.W.2d at 830. The Act requires a plaintiff to either: (1) provide the
counsel of each physician and health care provider sued with one or
more expert reports, including a curriculum vitae for each expert, or (2)
voluntarily nonsuit the defendant. An "expert report" means:

a written report by an expert that provides a fair summary of
the expert's opinions as of the date of the report regarding
applicable standards of care, the manner in which the care
rendered by the physician or health care provider failed to
meet the standards, and the causal relationship between
that failure and the injury, harm, or damages claimed. 


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(r)(6)(Vernon Supp. 2000). 
One of these actions must be taken no later than the 180th day after the
filing of the claim. Tex. Rev. Civ. Stat. Ann. art. 4590i, §
13.01(d)(Vernon Supp. 2000). The parties may agree to extend this
deadline; such an agreement is binding and shall be honored by the
court if signed by the parties or their counsel and filed with the court. 
Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(h)(Vernon Supp. 2000). It
is undisputed that appellant failed to file the required expert report by
the 180th day after her suit was filed, and that she has never filed the
required expert report. 

 If a plaintiff fails to comply with the requirement of furnishing an
expert report to each physician and health care provider she has sued
by the 180th day after filing her lawsuit, and has not voluntarily
dismissed the suit, the trial court 

shall, on the motion of the affected physician or health care
provider, enter an order awarding as sanctions against the
claimant or the claimant's attorney:


 (1) the reasonable attorney's fees and cost of court
incurred by that defendant;


 (2) the forfeiture of any cost bond respecting the
claimant's claim against that defendant to the
extent necessary to pay the award; and


 (3) the dismissal of the action of the claimant against
that defendant with prejudice to the claim's
refiling.


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(e)(Vernon Supp. 2000).

 On January 13, 1999, appellee filed a motion to dismiss the action
based on appellant's failure to provide him with an expert report and
curriculum vitae within the 180-day period after filing. Appellant filed
a response to the motion and appeared at the hearing. Her counsel filed
an affidavit stating she had an agreement with appellee's counsel to
extend the deadline, but that appellee's counsel had failed to return the
signed agreement to her. Appellee's counsel filed a counter-affidavit
stating that the parties' counsel had an oral agreement concerning a
scheduling order to extend discovery deadlines for the designation of
experts, but they had no agreement to extend the deadline for
presentation of the expert report required by article 4590i, section
13.01(d).

 In a letter to appellee's counsel, dated September 18, 1998,
appellant's counsel set out a proposed scheduling order. The letter
states: 

 The following is intended to set out the Agreed
Scheduling Order between counsel for the parties in this
matter.

 Trial will be set in the 377th Judicial District Court of
Victoria County in October, 1999. As soon as the Court's
trial schedule is available the case will be set.

 Both Plaintiff and Defendant will file all pleadings no
later than September 15, 1999.

 Defendant's discovery deadline is September 1, 1999.

 Plaintiff's discovery deadline is August 18, 1999.

 Mediation will be scheduled and concluded no later
than September 15, 1999.

 Plaintiff will designate her experts in this matter no
later than December 15, 1998.

 Defendant will designate his experts in this matter no
later than February 1, 1999.

 The parties agree to work with each other in
scheduling hearings, depositions or any matters so that they
may be set at a time convenient for counsel, the court or
witnesses, as necessary.

 If this is consistent with your recollection of our
agreement, please sign in the space provided below and
return to me. I will file this letter with the Court pursuant to
Rule 11 requirements of the Texas Rules of Civil Procedure.


 The Act also provides that if the plaintiff has failed to comply with
the section 13.01(d) deadline and:

after hearing the court finds that the failure of the claimant
or the claimant's attorney was not intentional or the result of
conscious indifference but was the result of an accident or
mistake, the court shall grant a grace period of 30 days to
permit the claimant to comply with that subsection. 


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g)(Vernon Supp. 2000).

 In her response to appellee's motion to dismiss, appellant moved
the court to grant her a thirty-day grace period. Appellant's counsel
argued that the "misunderstanding" about extending the deadline for
filing the expert report constituted a mistake, and that the trial court
should grant the thirty-day grace period. The trial court disagreed, and
dismissed the action. The court made the following findings in its
dismissal order:

4. That neither the discussion between counsel nor the
unsigned proposed scheduling order drafted by
Plaintiff's counsel touched on or mentioned extending
the requirements of Tex. Rev. Civ. Stat. Ann. art. 4590i,
§ 13.01;


5. That Plaintiff's counsel believed that the dates to
designate experts set out in the proposed scheduling
order also applied to the requirements of Tex. Rev. Civ.
Stat. Ann. art. 4590i, § 13.01(d);


6. That defense counsel did not consider the proposed
scheduling order to apply to or extend the deadlines set
out in Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d);


7. That Plaintiff complied with Tex. Rev. Civ. Stat. Ann.
art. 4590i, § 13.01(g) in timely filing for relief;


8. Plaintiff's failure to provide an expert report with a
curriculum vitae as required by Tex. Rev. Civ. Stat. Ann.
art. 4590i, § 13.01(d) was not intentional nor the result
of conscious indifference.


9. However, the Court finds, as a matter of law, that
Plaintiff's action in conduct was not a "mistake" as
contemplated by Tex. Rev. Civ. Stat. Ann. art. 4590i, §
13.01(g); and


10. The court also finds Plaintiff showed no good cause
sufficient to grant relief under Art. 4590i, § 13.01(f).


 Appellant timely filed a motion for new trial, urging the same
grounds on which she argued the case should not be dismissed. An
order denying appellant's motion for new trial was signed on March 12,
1999.

 In her first issue, appellant contends the trial court abused its
discretion by refusing to grant her a thirty-day grace period after finding
that her noncompliance with the Act was a mistake or accident
resulting from her counsel's misunderstanding of the statute. In her
second issue, appellant contends the trial court abused its discretion by
denying her motion for new trial "even though the trial court found the
existence of a mistake and the absence of intent or conscious
indifference."

B. Standard of Review: Dismissal for Failure to File Expert Report


 The dismissal of a medical malpractice lawsuit under section
13.01 for failure to file an expert report is reviewed under an abuse of
discretion standard. Finley v. Steenkamp, 19 S.W.3d 533, 538 (Tex.
App.--Fort Worth 2000, no pet. h.); Jackson v. Reardon, 14 S.W.3d
816, 818 (Tex. App.--Houston [1st Dist.] 2000, no pet. h.); Schorp v.
Baptist Mem'l Health Sys., 5 S.W.3d 727, 731 (Tex. App.--San Antonio
1999, no pet.); Martinez v. Lakshmikanth, 1 S.W.3d 144, 146 (Tex.
App.--Corpus Christi 1999, pet. denied); Nguyen v. Kim, 3 S.W.3d 146,
151 (Tex. App.--Houston [14th Dist.] 1999, no pet.); Presbyterian
Health Care Sys. v. Afangideh, 993 S.W.2d 398, 402 (Tex.
App.--Texarkana 1999, pet. denied). Cf. Palacios v. American
Transitional Care Ctrs. of Tex., Inc., 4 S.W.3d 857, 860 (Tex.
App.--Houston [1st Dist.] 1999, pet. filed) (applying the standard of
review applicable to no-evidence summary judgments in determining
whether a timely-filed report qualifies as an expert report). To establish
abuse of discretion, the complaining party must show that the trial
court's action was arbitrary or unreasonable in light of all the
circumstances in the case. Smithson v. Cessna Aircraft Co., 665
S.W.2d 439, 443 (Tex. 1984). Stated differently, abuse of discretion is
determined by examining whether the trial court acted without
reference to any guiding rules and principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

C. Extension Available Under Section 13.01(f)


 Section 13.01(f) of the Act provides:

The court may, for good cause shown after motion and
hearing, extend any time period specified in Subsection (d)
of this section for an additional 30 days. Only one extension
may be granted under this subsection.


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(f)(Vernon Supp. 2000). This
section was intended for use when a plaintiff "needs a little extra time
to comply" with the 180-day deadline. Roberts v. Medical City Dallas
Hosp., 988 S.W.2d 398, 402 (Tex. App.--Texarkana 1998, no pet.);
Estrello v. Elboar, 965 S.W.2d 754, 758 (Tex. App.--Fort Worth 1998,
no pet.) In Roberts, the court stated: [T]he language of section 13.01(f) states that the trial
court may grant an extension on a showing of good cause. 
The use of the word "may" in a statute shows that the
provision is directory and not mandatory. When a trial
court's function is directory and not mandatory, the
reviewing court should give deference and wide latitude to
the decision of the trial court. We should only reverse upon
a showing of a clear abuse of discretion. . . . Even if the
Robertses showed good cause, the trial court was still
within its discretion to grant or deny the section 13.01(f)
extension. (Citations omitted).


Roberts, 988 S.W.2d at 402.

 In this case, appellant did not specifically request a section
13.01(f) extension. If she had timely filed such a request, the trial court
could have extended the time for filing the expert report only for thirty
days (210 days after the filing of the lawsuit). See Id.

 The appellee filed his motion to dismiss on January 13, 1999, the
240th day after the case was filed. Appellant filed her response and
motion sometime between then and the date of the hearing on February
1, 1999,(1) long after the 210th day after her case was filed. Appellant
has never filed the required expert report.

 Even if appellant had timely filed her motion for extension and
showed good cause, it was within the trial court's discretion to grant
or deny the extension. Schorp, 5 S.W.3d at 732; Roberts, 988 S.W.2d
at 402. We conclude the trial did not abuse its discretion by not
granting appellant a section 13.01(f) extension. 

D. Grace Period Available Under Section 13.01(g)


 Under section 13.01(g) of the Act, the trial court must grant the
claimant a thirty-day grace period in which to file her expert report if the
failure to file "was not intentional or the result of conscious indifference
but was the result of an accident or mistake." The Act does not define
"intentional act," "conscious indifference," "accident," or "mistake." 
However, because the language of section 13.01(g) is identical to the
language used in determining whether to grant a motion for new trial
after a default judgment, recent cases have construed these terms to
apply in a manner similar to their application in the default judgment
context. See, e.g., Finley, 19 S.W.3d at 538-39; Schorp, 5 S.W.3d at
732; Nguyen, 3 S.W.3d at 150-51; McClure v. Landis, 959 S.W.2d 679,
681 (Tex. App.--Austin 1997, pet. denied). 

 An extension of time must be granted if the motion and affidavits
filed by the movant set forth facts which, if true, would negate
intentional or consciously indifferent conduct. Finley, 19 S.W.3d at 539
(citing Director, State Employees' Workers' Compensation Div. v. Evans,
889 S.W.2d 266. 268 (Tex. 1994)). Some excuse, but not necessarily
a good excuse, is enough to warrant an extension to file an expert
report, as long as the act or omission causing the failure to file the
report was in fact accidental. Finley, 19 S.W.3d at 539; Horsely-Layman, 968 S.W.2d at 536. The burden is on the party seeking relief
to show some evidence of accident or mistake to demonstrate that he
did not act intentionally or with conscious indifference. Schorp, 5
S.W.3d at 732. It is then the defendant's burden to controvert the
plaintiff's evidence of mistake, or else an issue of mistake exists and an
extension of time must be granted. Finley, 19 S.W.3d at 539; Schorp,
5 S.W.3d at 732.

 In determining whether the claimant's failure was intentional or
the result of conscious indifference, we look to the knowledge and acts
of the party seeking relief. Nguyen, 3 S.W.3d at 151. An accident or
mistake in this context is generally characterized by the claimant's
inadequate knowledge of the facts or by an unexpected happening that
precludes compliance. Finley, 19 S.W.3d at 539; Nguyen, 3 S.W.3d at
151. Conscious indifference, however, means failing to take some
action that would seem indicated to a person of reasonable sensibilities
under similar circumstances. Finley, 19 S.W.3d at 539; Nguyen, 3
S.W.3d at 151.

 At the hearing on the motion to dismiss, and in her response to
the motion, appellant's counsel argued only that appellee's counsel had
given her numerous assurances that he would sign the agreed
scheduling order that she had drafted and sent to him, but had never
done so. Appellant argued this caused her to not comply with the
expert report filing deadline. However, a close examination of the
proposed scheduling order reveals that it only addressed discovery
deadlines for designating experts. It did not address the expert report
required to be filed under section 13.01(d).

 The issue in this case comes down to whether appellant's
counsel's belief that the existence of the unsigned proposed scheduling
order excused her from timely filing the expert report as required by
section 13.01(d) constitutes an acceptable mistake such that the trial
court abused its discretion in disallowing the thirty-day grace period
allowed by section 13.01(g) and dismissing the case with prejudice.

 Texas courts have struggled to define the parameters of "accident
or mistake" in the context of section 13.01(g), with somewhat varying
results. A claimant whose attorney mistakenly believed a paralegal had
timely sent the expert report, and who immediately furnished the report
upon receiving the defendant's motion to dismiss, was entitled to a
new trial after his case was dismissed. McClure, 959 S.W.2d at 681-82. A plaintiff who believed that section 13.01(d) was satisfied by the
provision of a report about another defendant was entitled to an
extension to file a proper report. Horsley-Layman, 959 S.W.2d at 536-37. A calendaring error was considered an accident or mistake rather
than intentional or due to conscious indifference. Afanigeh, 993 S.W.2d
at 322-23. Mere negligence, such as failing to read the statute, does
not amount to an intentional act or conscious indifference. Roberts,
988 S.W.2d at 403.

 However, a trial court did not abuse its discretion in dismissing a
case where the plaintiff's attorney's only excuse for failing to meet the
deadline was that the plaintiff had missed several appointments and the
expert did not return her phone calls. Estrello, 965 S.W.2d at 754-58. 
A trial court did not abuse its discretion in dismissing a suit in which
the attorney's reasons for not timely filing the expert report included the
late date the case was referred to him, the large amount of work
demanded by the case and others he was handling, and his assumption
that opposing counsel would not enforce the statutory deadline. Broom
v. McMaster, 992 S.W.2d 659, 664 (Tex. App.--Dallas 1999, no pet.). 
No accident or mistake existed justifying the claimant's failure to timely
file a proper expert report where the attorneys discussed a deadline
extension, but no written signed agreement was ever entered into, and
a letter from the defendant's counsel to the plaintiff's counsel was
adequate warning that his first expert report was inadequate (because
it did not contain the name or qualifications of the expert making the
report), and that the 180-day deadline would run out in 26 days. 
Schorp, 5 S.W.3d at 732-33. A trial court did not abuse its discretion in
dismissing a case for failure to timely file an expert report where the
facts refuted the claimants' assertion that they were unaware of the
180-day deadline for filing the report. Nguyen, 3 S.W.3d at 153-54.

 The facts in Finley are similar to the facts of this case. Finley, 19
S.W.3d at 536-40. Finley filed a medical malpractice suit on October
20, 1997, but failed to timely file an expert report. Id. at 537. Five days
after the defendant filed a motion to dismiss, Finley filed a list of
designated experts, an expert report, and a motion for extension of time
to file the expert report. Finley alleged that his failure to timely file the
report was not intentional or the result of conscious indifference, but
was due to accident or mistake because, inter alia, the trial court had
entered a scheduling order on May 31, 1998, designating October 19,
1998 as Finley's deadline for designating his expert witnesses and filing
his expert report. Id. The trial court dismissed the case. Id. at 538.

 In upholding the dismissal of the case, the Fort Worth Court of
Appeals held that Finley's argument failed for a number of reasons. 
One reason was that the scheduling order (which was entered after the
180-day period for filing the expert report) did not address the filing of
the expert report. The court stated:

the trial court's scheduling order does not "designate
October 19, 1998 as Appellant's deadline to . . . provide
expert reports," as Finley contends. Instead, the order
specifies that Finley was required to provide the name of
each of his expert witnesses expected to testify at trial, along
with the expert's address and the topic of the witness's
testimony, no later than October 19, 1998. Nothing in the
court's scheduling order implied that it was altering the date
on which the expert report was required by article 4590i
was due.


Id. at 539-40.

 In the instant case, appellant's counsel claimed she thought the
proposed scheduling order addressed the section 13.01(d) requirement
when it clearly did not. Additionally, the order in this case was a
proposed scheduling order; it was not signed by appellee's counsel or
filed with the trial court. Even if the proposed scheduling order had
explicitly extended the deadline for filing the expert report, appellant's
counsel was not justified in relying on it given the Act's explicit
requirement that any agreement between the parties to extend the
section 13.01(d) deadline must be in writing and signed by both parties
or their counsel and filed with the court. Tex. Rev. Civ. Stat. Ann. art.
4590i, § 13.01(h). No "person of reasonable sensibility under similar
circumstances" would rely on an oral agreement to extend the expert
report deadline. See Finley, 19 S.W.3d at 539; see also Nguyen, 3
S.W.3d at 151.

 We hold the trial court did not abuse its discretion: (1) in finding
that appellant's failure to timely file her expert report, as required by
section 13.01(d) of the Act, was not due to an accident or mistake; (2)
in denying appellant's motion for a thirty-day grace period in which to
file her expert report; and (3) in dismissing appellant's suit. Appellant's
first issue is overruled.

E. Standard of Review: Motion for New Trial


 A new trial may be granted and a judgment set aside for good
cause. Tex. R. Civ. P. 320. The denial of a motion for new trial is also
reviewed by an abuse of discretion standard. Cliff v. Huggins, 724
S.W.2d 778-79 (Tex. 1987).

 In her motion for new trial, appellant urged the same ground as
she urged in her response to appellee's motion for dismissal. We have
already held the trial court did not abuse its discretion in dismissing
appellant's case. We also hold the trial court did not abuse its
discretion in denying appellant's motion for new trial. Appellant's
second issue is overruled.

 The judgment of the trial court is affirmed. 


 FEDERICO G. HINOJOSA

 Justice


Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

31st day of August, 2000.

1. It is unclear from the record when appellant filed her response to
appellee's motion to dismiss and motion for relief.