Affirmed and Opinion filed August 28, 2008








Affirmed
and Opinion filed August 28, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00884-CV

_______________

 

STEPHANIE L. TROEGER, D.D.S, Appellant

 

V.

 

MARGARET MYKLEBUST, Appellee

                                                                                                                                               


On Appeal from the 333rd District Court

 Harris County, Texas

Trial Court Cause No. 2007-21455

                                                                                                                                               


 

O P I N I O N

In this health care liability case
filed against a single health care provider, Stephanie L. Troeger, D.D.S.,
brings this accelerated interlocutory appeal of the trial court=s denial of her motion to dismiss. 
Because the expert report served by claimant Margaret Myklebust implicates Dr.
Troeger=s conduct, Troeger has waived any
complaint regarding the adequacy of the report by failing to timely object.  We
therefore affirm the trial court=s denial of her  motion to dismiss.

 








I.  Factual
and Procedural Background

On April 10, 2007, appellee Margaret
Myklebust sued appellant Stephanie L. Troeger, D.D.S., alleging that Troeger
provided negligent dental care.  Nine days after suit was filed, Troeger was
served with Myklebust=s Original Petition and the expert report of Giancarlo G.
Romero, D.D.S., together with Dr. Romero=s curriculum vitae.  The two-page
expert report did not identify Troeger by name, but provided in relevant part
as follows:

Mrs. Margaret Myklebust was referred to my practice on
May 08, 2006 by Dr. Aldo Sordelli for limited
consultation. . . . 

 

5.         Describe you[r] experience involving the
plaintiff=s injury.

 

At the time of consultation Mrs. Myklebust was
complaining of burning and itching sensation on the area of teeth #7, 8, 9, and
10.  Also, she complained of inflammation and bleeding gingival (gum).  In my
initial consultation, it was noticed the presence [sic] of 4 ceramic restorations
on these teeth which according to Mrs. Myklebust were fabricated by her
previous dentist.  These complain[t]s were then confirmed at the time of
examination.  Gingival probing was then performed confirming the violation of
biological width on these teeth. . . . 

 

6.         Describe the specific conduct the
plaintiffs are calling into question.

 

At the time of first consultation, Mrs. Myklebust was
complaining that [her] previous dentist drilled teeth to[o] deep and from that
time on, she started having previously mentioned symptoms.  Also claims that
dentist proceeded to take a biopsy of the inflamed tissue without any
explanation for this procedure.

 

7.         What are the applicable standards of care?

 

Before a tooth is prepared for any type of crown,
gingival tissues surrounding the tooth need to be probed for classification of
the depth of the biological width.  If this is violated, symptoms of burning,
itching, constant bleeding will appear.  If this is the situation, patient
needs to be explained of problem [sic] and presented with alternative options
of treatment to resolve the problem.

 

8.         Describe the manner in which the care
failed to meet those standards.








Teeth in question presented with biological width
violation symptoms and according to patient, she was not explained cause and
was not presented with alternative of treatments.

 

9.         How did violation of the standard of care
cause injury?

 

The lack of knowledge on the principle of biological
width on a tooth[] created injury of such at the time of crown preparation
causing constant inflammation, burning and itching symptoms.

 

10.       Why does this case have merit?

 

Previous dentist should have had knowledge of standard
of care for a crown preparation.  If any mistake is done, patient is entitled
to know what happen[ed] and what options she has to resolve the problem for her
satisfaction.

 

More than 120 days after Myklebust
filed suit,[1] Troeger filed
a motion to dismiss in which she argued that Myklebust failed to timely serve
an expert report implicating Troeger=s conduct because Romero did not
identify Troeger by name in his expert report.   According to Troeger, the
report was the legal equivalent of Ano report.@  Myklebust responded that Troeger
waived any argument that the expert report was deficient by failing to object
to the report within 21 days of service.  In the alternative, Myklebust argued
that the expert report satisfied statutory requirements.  The trial court
denied the motion to dismiss, and Troeger filed this accelerated interlocutory
appeal.[2]

II.  Issue
Presented

In a single issue, Troeger contends
the trial court abused its discretion in denying her motion to dismiss, thereby
implicitly ruling that her conduct was implicated.








III.   Analysis

A.      Expert Report Requirements

This is a health care liability
lawsuit governed by chapter 74 of the Texas Civil Practice & Remedies
Code.  Tex. Civ. Prac. & Rem. Code Ann. '' 74.001B.507 (Vernon 2005 & Supp. 2007).  In such a
suit, the claimant must serve on each health care provider or the provider=s attorney one or more expert
reports, with the curriculum vitae of each expert listed in the report, within
120 days of filing suit.  Id. ' 74.351(a).  The report must
provide a fair summary of the expert=s opinions regarding (1) the
applicable standard of care; (2) the manner in which the care provided failed
to meet that standard; and (3) the causal relationship between that failure and
the injury, harm, or damages claimed.  Id. ' 74.351(r)(6).  In section
74.351, the legislature used the phrase Ahas not been served@ to refer to deficient reports as
well as absent reports.  Compare ' 74.351(b) (trial court shall dismiss
if an expert report Ahas not been served@) with 74.351(c) (trial court
may grant a 30-day extension if an expert report Ahas not been
served . . . because elements of the report are found
deficient@).  Nevertheless, the consequences arising from failure to serve an
expert report regarding a particular defendant and service of a deficient
expert report are different.  See Ogletree v. Matthews, BS.W.3dB, 51 Tex. Sup. Ct. J. 165, 2007 WL
4216606, at *3 (2007) (A[A] deficient report differs from an absent report.@). 








If the claimant fails to serve an
expert report as to a particular health care provider within 120 days, the
trial court must, on the health care provider=s motion dismiss the claim against
that provider with prejudice and award the provider reasonable attorney=s fees and costs and.  Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(b).  The statute
contains no deadline to challenge the timeliness of an expert report.  Id.;
Poland v. Grigore, 249 S.W.3d 607, 616 (Tex. App.CHouston [1st Dist.] 2008, no pet.)
(addressing predecessor statute).  On the other hand, if a timely-served report
implicates a particular defendant=s conduct, the defendant must file
and serve Aany objection
to the sufficiency of the report not later than the 21st day after the date it
was served, failing which all objections are waived.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351(a) (emphasis added); Poland,
249 S.W.3d at 616.  If valid objections have been timely asserted, dismissal is
not required if the deficiencies of a  timely report are curable.  See
Ogletree, 2007 WL 4216606, at *3.  Under such circumstances, the court
retains discretion to grant a single 30-day extension to cure the deficiency.  Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(c).  A court shall grant
a motion challenging the adequacy of an expert report only if it appears to the
court, after hearing, that the report does not represent an objective good
faith effort to comply with the statutory definition of an expert report.  Id.
' 74.351(l).

B.        Waiver

Both in the court below and here,
Myklebust argues that because Troeger asserted no objections within 21 days
after the expert report was served, she waived all objections to its adequacy. 
See id.  Troeger contends she was not required to object because
she was not identified by name in the expert report, and thus, her conduct was
not Aimplicated.@  According to Troeger, the omission
of her name rendered the expert report so inadequate that it was the legal
equivalent of Ano report@ and thus, the deadline to object to the sufficiency of the
report did not apply. 

As a threshold issue, then, we must
determine whether Troeger=s challenges to the expert report have been waived.  We are
not concerned here with whether the expert report fulfilled all statutory
requirements, but only with whether it implicated the defendant=s conduct such that the 21-day
deadline for objections was triggered.  If Troeger=s conduct was implicated, then
Troeger=s failure to object to the report
within 21 days waives her right to challenge the report on appeal, regardless
of whether the objections would have been otherwise valid.








In her motion to dismiss, Troeger
argued that her conduct was not implicated because an expert report must Aspecifically identify the defendant
by name and explain what that individual defendant did to breach the standard
of care.@  In support of this argument she
relied on Taylor v. Christus Spohn Health System Corp.,[3]
Wood v. Tice,[4] and Horsley-Layman
v. Angeles.[5]  None of
these cases, however, support her position.

In Taylor, the Thirteenth
Court of Appeals held that the trial court did not abuse its discretion in
dismissing a health care liability claim against multiple defendants.[6] 
In the report at issue in that case, the expert Asimply state[d] that various
procedures that should have occurred did not, without specifying which party
was responsible for undertaking which procedures.@  Each of the defendants, including
an emergency room physician, a hospital, and a cardiology association, owed
different duties to the patient; thus, the single standard of care described in
the expert report did not apply to all defendants, and the expert did not
identify those defendants to whom it did apply.[7] 
In the present case, however, there is a single defendant; thus, the reasoning
in the Taylor opinion does not support Troeger=s position.  








An additional factor in the Taylor
opinion further undermines Troeger=s position.  In that case, the
reviewing court held that Ait was not an abuse of discretion for the trial court to
conclude that the report did not represent a good faith effort to comply@ with statutory requirements.[8] 
Such a determination is necessary only when a court grants a motion Achallenging the adequacy of an expert
report . . . .@  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(l) (AA court shall grant a motion challenging
the adequacy of an expert report only if it appears to the court, after
hearing, that the report does not represent an objective good faith effort to
comply with the definition of an expert report . . . .@) (emphasis added).  A motion
challenging the adequacy of an expert report is the equivalent of an objection
to the sufficiency of an expert report.  Poland, 249 S.W.3d at  616. 
Because an objection to the sufficiency of the expert report concerns the report=s substance, rather than the
timeliness of its service,[9] such an
objection is waived if it is not filed and served within 21 days after service
of the report.  See Tex. Civ.
Prac. & Rem. Code Ann. ' 74.351(a).  That requirement
was not satisfied here.

Troeger=s reliance on Wood v. Tice also
is misplaced.  There, the claimant sued three dentists and a limited liability
corporation.[10]  The
claimant did not produce an expert report but instead served the individual
defendants with a transcript of an expert=s deposition.[11] 
The Fourth Court of Appeals held that the trial court did not abuse its
discretion in dismissing the plaintiff=s health care liability claims
because the expert (1) failed to mention the defendants by name, (2) failed to
specify how the defendants breached the standard of care, and (3) failed
to demonstrate causation and damages.[12]  In
addition, there was no indication that the plaintiff served the defendants with
a copy of the expert=s curriculum vitae.[13]  Wood
does not stand for the proposition that the omission of the defendant health
care provider=s name is sufficient, without more, to convert a timely report into the
legal equivalent of an unserved report.








Horsley-Layman is also readily distinguishable. 
There, the claimant timely filed an expert report as to one physician but did
not file an expert report regarding the appellee until 246 days after filing
suit and approximately three weeks after the appellee moved for dismissal.[14] 
Thus, any expert report regarding the appellee was barred by its untimeliness,
regardless of its content.  








Our analysis is unaffected by similar
cases cited by Troeger in which the only reports filed within 120 days of suit
were directed to the conduct of non-party health care providers or
co-defendants.  See Apodaca v. Russo, 228 S.W.3d  252, 257 (Tex. App.CAustin 2007, no pet.) (expert report
referred to other health care providers but did not mention sole defendant or
discuss how that physician breached the standard of care or caused injury or
damages); Garcia v. Marichalar, 198 S.W.3d 250, 252 (Tex. App.CSan Antonio 2006, no pet.) (A[T]hat report, which focused on
the acts committed by other defendants, did not mention Garcia at all.@) (emphasis added);  see also
Rivenes v. Holden, B S.W.3d B, No. 14-07-00438-CV, 2008 WL 1991528, at *5 (Tex. App.CHouston [14th Dist.] May 8, 2008, no
pet. h.) (expert report directed to the conduct of co-defendant physician,
hospital, and unidentified Aemergency room staff@).  Cases in which the claimant did
not contend that the defendant health care provider waived objections to the
expert report by failing to object within a statutory deadline are likewise
inapposite.  See, e.g., Jernigan v. Langley, 195 S.W.3d 91, 92
(Tex. 2006) (per curiam) (addressing whether expert report met specificity
requirements of section 13.01 of the Medical Liability and Insurance
Improvement Act, former Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 13.01,[15]
which unlike the current law, did not require a defendant whose conduct was
implicated to raise objections to the report within 21 days); Bowie Mem=l Hosp. v. Wright, 79 S.W.3d 48, 53 (Tex. 2002) (per
curiam) (same); Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,
46 S.W.3d 873, 878 (Tex. 2001) (same); Longino v. Crosswhite ex rel.
Crosswhite, 183 S.W.3d 913, 916 (Tex. App.CTexarkana 2006, no pet.) (no
contention that defendant health care provider waived challenge to expert
report by failing to timely object).  In those cases in which the defendant
health care provider filed a motion to dismiss within 21 days after service of
the expert report, the issue of waiver does not arise.  See, e.g.,
Cayton v. Moore, 224 S.W.3d 440, 444 (Tex. App.CDallas 2007, no pet.) (motion to
dismiss filed 21 days after expert report); Austin Heart, P.A. v. Webb,
228 S.W.3d 276, 279 (Tex. App.CAustin 2007, no pet.) (same). 

We agree that a report does not
satisfy the requirements of section 74.351(a) for a specific health care
provider merely because the provider is a defendant.  See Apodaca, 228
S.W.3d at 258.  But, on the other hand, a report does not fail to implicate a
defendant=s conduct solely because the  defendant is not identified by name.  See
Ogletree, BS.W.3d at B, 2007 WL 4216606, at *1, *4 (Tex. Nov. 30, 2007) (expert
report Aimplicated@ a defendant=s conduct because it was directed
solely to the defendant physician=s care Aalthough it did not mention him by
name@).  

We conclude that the expert report
here did not fail to implicate Troeger=s conduct by omitting her name; thus,
Troeger waived her challenges to the expert report by failing to raise her
objections within 21 days of service.  See Bogar v. Esparza, BS.W.3dB, No. 03-07-00037-CV, 2008 WL
2081538, at *1 (Tex. App.CAustin May 16, 2008) (although defendant physician asserted
that the report was Ano report@as to him, he timely objected to the report); Poland v.
Grigore, 249 S.W.3d 607, 615B16 (Tex. App.CHouston [1st Dist.] 2008, no pet.)
(discussing objections that  must be raised within 21 days).  Because the trial
court=s denial of Troeger=s motion can affirmed on this basis,
we hold the trial court did not abuse its discretion by denying Troger=s motion to dismiss, and therefore,
we overrule Troeger=s sole issue on appeal.

V. 
Conclusion








Because we hold that Troeger waived
the arguments presented on appeal by failing to raise her objections to the
expert report within 21 days of service, we affirm the trial court=s denial of her motion to dismiss
without reaching the merits of Troeger=s challenge to the sufficiency of the
report.

 

 

 

/s/        Eva M. Guzman

Justice

 

 

 

Judgment rendered and Opinion filed
August 28, 2008.

Panel consists of Justices Yates,
Guzman, and Brown. 

 

 









[1]  Troeger filed her Motion to Dismiss on August 29,
2007, 142 days after Myklebust filed suit.





[2]  A party may take an interlocutory appeal of the
denial of a motion to dismiss based on failure to timely serve an expert
report.  Tex. Civ. Prac. & Rem. Code
Ann. ' 51.014(a)(9) (Vernon Supp. 2007); Lewis v.
Funderburk, 253 S.W.3d 204, 207B08
(Tex. 2008).  Cases in which an expert report Ahas not been served@ include those
in which a report, although physically served within 120 days of suit, is
legally deficient.  Id.





[3]  169 S.W.3d 241, 244 (Tex. App.CCorpus Christi 2004, no pet.).





[4]  988 S.W.2d 829, 831B32 (Tex. App.CSan Antonio 1999, pet. denied).





[5]  968 S.W.2d 533, 535 (Tex. App.CTexarkana 1998, no pet.).





[6]  169 S.W.3d at 246. 





[7]  See id.





[8]  Id.





[9]  Id.





[10]  Wood, 988 S.W.2d at 830. 





[11]  Id. at 831. 





[12]  Id. at 831B32.






[13]  Id. at 832.





[14]  Horsley-Layman, 968 S.W.2d at 535.





[15]  Act of May 5, 1995, 74th Leg., R.S., ch. 140, ' 1, 1995 Tex. Gen. Laws 985, 985‑87 (adding
expert report requirement, at former Tex. Rev. Civ. Stat. art. 4590i, ' 13.01(d)), repealed and recodified as amended by
Act of June 2, 2003, 78th Leg., R.S., ch. 204, '' 10.01, 10.09, 23.02(a), (d), 2003 Tex. Gen. Laws 847, 864, 884, 898‑99
(AHouse Bill 4@)
(adopting chapter 74 of the Texas Civil Practice and Remedies Code, applicable
only to actions filed on or after September 1, 2003, and continuing prior law
in effect for actions filed before that date), amended, Act of May 18,
2005, 79th Leg., R.S., ch. 635, ' 1,
2005 Tex. Gen. Laws 1590, 1590 (current version at Tex. Civ. Prac. & Rem. Code Ann. ' 74.351 (Vernon Supp. 2007)).