Alonzo HUTCHINSON, Appellant,

v.

David MONTEMAYOR, M.D., Praful R. Mehta, M.D., Christus Care Medical Group d/b/a Christus Care Medical Group–Medical Center n/k/a Healthtexas Medical Group of San Antonio, Peter Fisher, M.D. and San Antonio Plastic Surgery Center, Pa. d/b/a Body Contouring and Plastic Surgery Center of San Antonio, Appellees.

No. 04–03–00331–CV.

Court of Appeals of Texas, San Antonio.

July 28, 2004.

---

**3.** *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

From the 224th Judicial District Court, Bexar County, Texas, Trial Court No. 2002–CI–04313; Barbara Nellermoe, Judge Presiding.[1]

Curtis L. Cukjati, Martin & Cukjati, L.L.P., Howard (Ben) E. Davis, Flowers & Davis, Barbara Hutzler, San Antonio, Elizabeth Conry Davidson, Alamo Heights, for appellant.

Laura A. Cavaretta, Richard N. Francis, Jr., Plunkett & Gibson, Inc., W. Richard Wagner, Seth K. Bell, Patterson & Wagner, L.L.P., San Antonio, for appellees.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Alonzo Hutchinson ("Hutchinson") appeals the trial court's dismissal of his medical malpractice lawsuit. We affirm the judgment of the trial court.

### BACKGROUND

Hutchinson had a long medical history of diabetes and vascular disease. When he developed an ulcer on his heel, he sought treatment from Dr. David Montemayor, Dr. Praful Mehta, and Dr. Peter Fisher. Despite medical treatment, his heel ulcer worsened and ultimately, Hutchinson had a below-the-knee amputation of his left leg. He then filed a medical malpractice lawsuit against all three physicians, Christus Care Medical Group, and San Antonio Plastic Surgery Center, P.A. (collectively, "Defendants"). In order to comply with the Texas Medical Liability and Insurance Improvement Act ("the Act"), Hutchinson timely filed an expert report prepared by Dr. Elena Villavicencio. *See* Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(d) (Vernon Supp.2002).[2] All defendants moved to dismiss the lawsuit with prejudice, claiming the report did not comply with the statutory requirements. *See* Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(e), (*l*), (r)(6) (Vernon Supp.2002). The trial court granted the defendants' motions to dismiss, and this appeal followed.

### ADEQUACY OF EXPERT REPORT

■ Hutchinson first claims the trial court abused its discretion when it deter-

---

1. The Honorable David Peeples is the presiding judge of the 224th Judicial District Court, Bexar County, Texas. However, the Honorable Barbara Nellermoe, presiding judge of the 45th Judicial District Court, Bexar County, Texas, conducted the hearing and signed the order at issue in this appeal.

2. The Act was repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884, and has been recodified at Tex. Civ. Prac. & Rem.Code Ann. § 74.351 (Vernon Supp.2004) (effective Sept. 1, 2003).

mined that Dr. Villavicencio's expert report did not constitute a good-faith effort to meet the statutory requirements of the Act. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(*l*). The defendants challenge only the causation element of the report and contend it does not meet the statutory requirements because it is conclusory and based upon mere conjecture and possibility.[3] Hutchinson responds that the following statement within the report is a "positive statement of fact" and is not conclusory or a statement of mere possibility:

> If an arteriogram had been done, there would have been a possibility that Mr. Hutchinson may have had bypassable lesions and that the amputation may have been avoided. Within reasonable medical probability these doctor's [sic] breaches caused injury to Mr. Hutchinson.[4]

We disagree.

 To constitute a good faith effort to establish the causal relationship element under the Act, the expert report need not marshal all of the plaintiff's proof, or present evidence as if the plaintiff was actually litigating the merits. *See Bowie Memorial Hospital v. Wright*, 79 S.W.3d 48, 52–53 (Tex.2002); *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex.2001). No magic words such as "reasonable medical probability" are required for the report to comply with the Act. *Wright*, 79 S.W.3d at 53. The report, however, must provide enough information within the document to both inform the defendant of the specific conduct at issue and to allow the trial court to conclude that the suit has merit. *Id.* at 52. A report that merely sets forth the expert's conclusions is insufficient to satisfy these two purposes. *Id.* at 53. Finally, in assessing the adequacy of the report, the trial court must look only within the four corners of the report, and inferences are not permitted. *Id.* We review a trial court's dismissal of a suit for failure to comply with the Act under an abuse of discretion standard. *Id.* at 52.

Neither of the two sentences quoted above upon which Hutchinson relies to meet the Act's causation element provides any information linking the defendants' alleged inaction (failure to do an arteriogram) to Hutchinson's injury (the amputation). We can not infer from Dr. Villavicencio's statements that bypassable lesions were the only proper diagnosis. In fact, Dr. Villavicencio seems to suggest that not all lesions are "bypassable." We can not infer from Dr. Villavicencio's statements that the discovery of bypassable lesions would have prevented the amputation. In fact, Dr. Villavicencio does not state that Hutchinson would have been a candidate for a bypass procedure had an arteriogram been done, or that Hutchinson's amputation would have been avoided. At most, Dr. Villavicencio concludes the amputation "may have been avoided." Dr. Villavicencio's report does not link the defendants' purported breach of the standard of care to Hutchinson's amputation, and thus does not represent a good faith effort to comply with the Act's requirement on causation.

 To constitute a good faith effort to establish the causal relationship element, the report must also provide sufficient specificity for the trial court to con-

---

3. Because the defendants do not dispute that the expert report fairly summarizes the elements of applicable standard of care and breach, we review Dr. Villavicencio's report as to the causation element only.

4. Although the majority of Dr. Villavicencio's report was typewritten, the last quoted sentence was handwritten.

clude the medical malpractice suit has merit. *Wright,* 79 S.W.3d at 52. Texas courts have long recognized that liability in a medical malpractice suit cannot be made to turn upon speculation or conjecture. *See, e.g., Lenger v. Physician's General Hospital, Inc.,* 455 S.W.2d 703, 706 (Tex. 1970); *Bowles v. Bourdon,* 148 Tex. 1, 219 S.W.2d 779, 785 (Tex.1949). "The proof must establish causal connection beyond the point of conjecture. It must show more than a possibility." *Lenger,* 455 S.W.2d at 706. Accordingly, while a "fair summary" is something less than all the evidence necessary to establish causation at trial, even a fair summary must contain sufficiently specific information to demonstrate causation beyond mere conjecture in order to meet the Act's requirements and satisfy the *Palacios* test. *See Wright,* 79 S.W.3d at 52. Dr. Villavicencio's report fails to provide sufficiently specific information to show more than possibility and speculation on the element of causation.

■ Finally, Dr. Villavicencio's conclusory reference to causation and use of the phrase "reasonable medical probability" does not satisfy the causation requirement of the Act. *Id.* at 53 (report's adequacy does not depend on whether expert uses any particular "magical words" such as "reasonable medical probability"). Nowhere in her report does Dr. Villavicencio set forth facts or explain the medical basis for her opinion that the "doctor's [sic] breaches caused injury to Mr. Hutchinson." Simply adding what has often been described as the "magic words of 'reasonable medical probability'" to an expert's opinion is not evidence of causation. *See Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711–12 (Tex. 1997).

After reviewing the expert report, we conclude that it was well within the trial court's discretion to find that the report did not meet the Act's requirement on the element of causation, and to dismiss with prejudice Hutchinson's claims against all the defendants. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(e), (*l*).

## GRACE PERIOD FOR TIMELY FILED BUT INADEQUATE EXPERT REPORTS

■ In his second issue, Hutchinson claims the trial court abused its discretion in denying his motion for a 30–day grace period in which to file an adequate expert report because he established that his failure to file an adequate report was neither intentional nor the result of conscious indifference, but was the result of accident or mistake. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(g) (Vernon Supp.2002). A trial court's ruling on a request for a grace period under § 13.01(g) of the Act is reviewed under an abuse of discretion standard. *Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex.2003).

Prior to the hearing on defendants' motions to dismiss, Hutchinson requested an extension of time to file an expert report should the trial court determine Dr. Villavicencio's report did not meet the statutory requirements. He asserted through affidavits that if the expert report was inadequate, it was the result of his attorneys' accident or mistake in believing that the report complied with the Act. Hutchinson further argues on appeal that since the defendants did not controvert his assertion of accident or mistake, an extension was mandatory under the Act. *See* TEX.REV. CIV. STAT. ANN. art. 4590i, § 13.01(g). We disagree.

■ A person who files a medical malpractice suit is charged with knowledge of the statutory requirements of the Act. *Walker,* 111 S.W.3d at 64. As we have previously determined, Dr. Villavicencio's report fails to comply with the Act's requirement on the element of causation. In

determining whether the failure to file an adequate report was due not to intentional disregard or conscious indifference, but to accident or mistake, we look to the knowledge and acts of the claimant. *Id.* There is nothing in the record to suggest that Hutchinson was not familiar with the Act's requirements, nor to establish Hutchinson's inadequate knowledge of the facts of his claim; the "mistake" in this case is simply that the expert report did not comply with the statutory requirements. An attorney's mistaken belief that an expert report satisfies the Act's requirements is not the type of mistake of law that will negate conscious indifference or intentional conduct and entitle a claimant to a § 13.01(g) grace period. *Walker,* 111 S.W.3d at 64–65 (attorney's mistaken belief that report complied with statute does not negate intentional or conscious indifference where report omits one or more required elements); *see also Hansen v. Starr,* 123 S.W.3d 13, 21 (Tex.App.-Dallas 2003 pet. denied) (mistaken belief of compliance does not negate intentional or conscious indifference where report is insufficient on standard of care and breach); *Doades v. Syed,* 94 S.W.3d 664, 672–73 (Tex.App.-San Antonio 2002, no pet.) (mistaken belief that expert report was sufficient did not show mistake or accident as reason for filing noncomplying report and did not entitle claimant to grace period). We overrule Hutchinson's second issue.

### REQUEST FOR REMAND IN THE INTEREST OF JUSTICE

In his final issue, Hutchinson argues that this case should be reversed and remanded in the interest of justice because the Texas Supreme Court decision in *Walker v. Gutierrez* dramatically changed the law on what constitutes accident or mistake under § 13.01(g) of the Act. Hutchinson argues that he will be prejudiced by the application of *Walker* to this appeal because he did not have the benefit of *Walker* when preparing his motion for extension and supporting affidavits. As with *Palacios,* we believe *Walker* is best viewed as a case of statutory interpretation rather than one of new court-made law. *See Villa v. Hargrove,* 110 S.W.3d 74, 79–80 (Tex.App.-San Antonio 2003, pet. denied) (holding that *Palacios* did not create new law, but merely interpreted existing statute). Moreover, prior to *Walker,* this court held that an attorney's mistaken belief that a report was adequate under the Act was not sufficient to constitute accident or mistake within the context of the § 13.01(g) grace period. *See Doades,* 94 S.W.3d at 672–73; *see also Wood v. Tice,* 988 S.W.2d 829, 832 (Tex.App.-San Antonio 1999, pet. denied) (affirming dismissal of lawsuit for failure to comply with article 4590i, and rejecting argument that attorney's "mistaken belief" that expert's deposition satisfied the report requirement entitled party to an extension of time under article 4590i's grace period). Even without *Walker*'s guidance, we would have reached the same conclusion that the trial court did not abuse its discretion in denying the requested grace period under § 13.01(g) of the Act because the attorney's mistaken belief that the report complied is not sufficient to negate conscious indifference or intentional conduct. Hutchinson's third issue is overruled.

Based on the foregoing reasons, the trial court's judgment dismissing Hutchinson's claims with prejudice is affirmed.