*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00487-CV

John W. **THOMAS**, M.D. and South Texas Radiology Group,
Appellants

v.

Rebecca **DESROCHERS**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-21278
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:       Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed: December 23, 2009

AFFIRMED

In this interlocutory appeal, appellants John W. Thomas, M.D. ("Dr. Thomas") and South

Texas Radiology Group ("South Texas") contend the trial court abused its discretion in denying their

section 74.351(b) motion to dismiss.  We affirm.

**BACKGROUND**

Rebecca Desrochers received treatment for a blood clot in her chest from Dr. Thomas, an interventional radiologist. During the course of her treatment, Dr. Thomas performed two procedures: (1) insertion of an endovascular, non-removable stent in Desrochers's chest, and (2) angioplasty to clear a new blood clot that appeared on a veinogram taken after the first procedure. Both procedures failed to cure Desrochers's condition, and Dr. Thomas diagnosed Desrochers with thoracic outlet syndrome. He advised Desrochers not to use her right arm in order to prevent any compression of the stent. According to Desrochers, after the first procedure, she experienced substantial pain when she lifted her right arm, and after the second procedure, she experienced severe chest pain as well as a host of other injuries, including "shortness of breath, dizziness, headaches, uncontrollable twitching of her right eye, shoulder droop, an enlarged jugular vein on the right side, blurred vision, and extreme fatigue."

Desrochers filed a medical malpractice action against Dr. Thomas and South Texas, claiming Dr. Thomas's departures from the accepted standards of medical care proximately resulted in her injuries, and South Texas was vicariously liable for Dr. Thomas's negligence. Specifically, Desrochers alleged Dr. Thomas should not have inserted the stent, and the stent was improperly placed. After filing her original petition, Desrochers timely served Dr. Thomas with the expert report and curriculum vitae of Steven C. Howe, M.D. ("Dr. Howe"), as required by section 74.351(a) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2009) (requiring claimant in health care liability claim to serve opposing party with expert report and curriculum vitae within 120 days of filing original petition). Dr. Thomas and South Texas objected to the sufficiency of Dr. Howe's report and moved to dismiss

Desrochers's health care liability claims with prejudice. *Id.* § 74.351(b). After a hearing, the trial court ruled the report was deficient, but granted Desrochers a thirty-day extension to cure the deficiency. *Id.* § 74.351(c). Desrochers subsequently served Dr. Thomas and South Texas with a supplemental report. Dr. Thomas and South Texas filed a second motion to dismiss in which they again objected to the sufficiency of the expert report and moved to dismiss. The trial court denied the motion, and appellants perfected this appeal. *See id.* § 51.014(a)(9) (Vernon 2008) (allowing party to appeal from interlocutory order that denies relief sought pursuant to section 74.351(b) motion to dismiss).

### STANDARD OF REVIEW

We review a trial court's decision to grant or deny a section 74.351(b) motion to dismiss under an abuse of discretion standard. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001); *Jones v. King*, 255 S.W.3d 156, 158 (Tex. App.—San Antonio 2008, pet. denied). "An abuse of discretion occurs when the trial court acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Jones*, 255 S.W.3d at 158; *see also Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002).

Under Chapter 74 of the Texas Civil Practice and Remedies Code ("the Code"), an expert report must provide a fair summary of the expert's opinions at the time the report is made with regard to the applicable standards of care, breaches of those standards of care, and the causal relationship between the breaches of those standards of care and the injury, harm, or damages alleged. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6); *Jones*, 255 S.W.3d at 159. In the event an opposing party files a motion to dismiss pursuant to section 74.351(b), a trial court may grant the

motion "only if it appears to the [trial] court, after [a] hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report." *Id.*

To determine whether an expert report constitutes a good faith effort to comply with the statutory definition of an expert report, we look only within the four corners of the report without making any inferences. *Wright*, 79 S.W.3d at 53; *Jones*, 255 S.W.3d at 159; *Hutchinson v. Montemayor, M.D.*, 144 S.W.3d 614, 617 (Tex. App.—San Antonio 2004, no pet.). Within its four corners, the report must give enough information not only to inform the defendant of the specific conduct called into question, but also to allow the trial court to conclude the case has merit. *Wright*, 79 S.W.3d at 52; *Jones*, 255 S.W.3d at 159; *Hutchinson*, 144 S.W.3d at 617. However, the report need not marshal all of the plaintiff's proof or present evidence as if the plaintiff was actually litigating the merits. *Wright*, 79 S.W.3d at 52-53; *Jones*, 255 S.W.3d at 159. Rather, to qualify as a good faith effort with regards to satisfying the causation element, the report must do more than merely state the expert's conclusions; it must explain the basis for the expert's opinions by linking his conclusions to the facts. *Wright*, 79 S.W.3d at 52-53; *Jones*, 255 S.W.3d at 159.

### DISCUSSION

On appeal, Dr. Thomas and South Texas contend the trial court abused its discretion in denying their motion to dismiss. Specifically, Thomas and South Texas contend the expert report is conclusory and requires the trial court to make improper inferences with regard to the statutory element of causation, and therefore, the report does not constitute a good faith effort to comply with the definition of an expert report as set out in section 74.351 of the Code.

We disagree. Unlike previous cases from this court where we found an expert report did not represent a good faith effort with regard to causation, this case provides more than a single or even

a series of mere conclusory statements.  *See, e.g., Regent Care Ctr. Of San Antonio II, Ltd. P'ship v. Hargrove*, No. 04-05-00274-CV, 2009 WL 2762484, at *3 (Tex. App.—San Antonio Aug. 31, 2009, no pet.) (holding single conclusory statement insufficient to satisfy causation element of article 4590i, predecessor statute to section 74.351); *Jones*, 255 S.W.3d at 159 (holding expert report that contained little more than series of conclusions was insufficient to establish causation); *Hutchinson*, 144 S.W.3d at 618 (stating expert report failed to provide sufficient specific information to show more than possibility and speculation on causation); *Villa v. Hargrove*, 110 S.W.3d 74, 79 (Tex. App.—San Antonio 2003, pet. denied) (explaining expert report failed to link actions of defendant to victim's death and therefore report was insufficient to satisfy causation element).

In this case, the complaint relates to an alleged unnecessary procedure.  Here, the trial court did not abuse its discretion in denying the motion to dismiss because the expert report met the causation element by stating the basis of the expert's opinion and linking his conclusion to the underlying facts of Desrochers's case.  *See Wright*, 79 S.W.3d at 53*;Jones*, 255 S.W.3d at 159*.*  In the report, Dr. Howe stated "Dr. Thomas had a duty to Ms. De[sr]ochers not to intervene."  Dr. Howe then explained Dr. Thomas "initiated an interventional therapy that caused permanent injury to Ms. De Rocher's vasculature."  The report went on to explain Dr. Thomas breached the standard of care in two ways: (1) "[h]e failed to perform the proper work-up which was the proximate cause for the resulting misdiagnosis[;]" and (2) "[h]e rendered an inappropriate treatment of Ms. De[sr]ochers condition by inappropriately placing the stent."  As to causation, the report stated, "[t]he improper placement of the stent and the subsequent compression of the stent caused permanent occlusion and perivascular scarring."  Dr. Howe went on to explain that the occlusion and the accompanying inflammation were the direct cause of Desrochers's complaints as set forth in her

petition. This explanation was sufficient for the trial court to conclude that Dr. Howe's report with regard to causation represented a good faith effort. *See id.*

After reviewing the report, we hold the trial court did not abuse its discretion in finding the expert report sufficiently satisfied the element of causation, and therefore, the trial court did not err in denying Dr. Thomas's and South Texas's motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b); *Palacios*, 46 S.W.3d at 877; *Jones*, 255 S.W.3d at 158.

### CONCLUSION

Having concluded the trial court did not abuse its discretion in finding Dr. Howe's report satisfied the requirements of section 74.351 on the issue of causation, we overrule Thomas's and South Texas's sole issue on appeal and affirm the trial court's order denying the motion to dismiss.


Marialyn Barnard, Justice