**FILED**

IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI - EDINBURG

**06/15/15**

**CECILE FOY GSANGER, CLERK**

**BY** cholloway

ACCEPTED
13-14-00696-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/15/2015 4:15:33 PM
CECILE FOY GSANGER
CLERK

NO. 13-14-00696-CV

IN THE COURT OF APPEALS
THIRTEENTH JUDICIAL DISTRICT
CORPUS CHRISTI/EDINBURG, TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/15/2015 4:15:33 PM
CECILE FOY GSANGER
Clerk

_____

COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A
VALLEY REGIONAL MEDICAL CENTER,

Appellant

vs.

REYNALDO RAMIREZ, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF YOLANDA IRIS FLORES AND AS
REPRESENTATIVE OF ALL WRONGFUL DEATH BENEFICIARIES AND
AS NEXT FRIEND OF R.R.R. AND R.J.R., MINORS,

Appellee

_____

# APPELLANT'S RESPONSE TO APPELLEE'S SUR-REPLY BRIEF

_____

Thomas F. Nye
State Bar No. 15154025
Robert W. Clore
State Bar No. 24012436
Gault, Nye & Quintana, LLP
717 Everhart Rd., Suite A
Corpus Christi, TX  78411
361-654-7008
361-654-7001 Fax

ATTORNEYS FOR APPELLANT
**Appellant Request for Oral Argument**

# TABLE OF CONTENTS

Table of Contents ..................................................................................................... ii

Table of Authorities ................................................................................................. iii

    I.     Section 74.402(b)(1) Applies and Nurse Spears is Unqualified ................1

    II.    Plaintiff Cannot Explain How Nurse Spears Has Experience in the Relevant Context ..................................................................................5

    III.   Nurse Spears' Vague Discussion of the Standard of Care is Inadequate ...................................................................................................6

    IV.   Plaintiff's Sur-Reply Further Illustrates the Disconnect between Nurse Spears' and Dr. Harlass' Reports ..........................................................9

    V.    The Fact that the Nurses Do Not Have the Authority to Permit or Not Permit Transfer Renders Dr. Harlass' Opinion on Causation Inadequate ..................................................................................11

CONCLUSION AND PRAYER ................................................................................12

Rule 9.4(i) Certification ...........................................................................................13

CERTIFICATE OF SERVICE .................................................................................13

# Table of Authorities

**Cases**

*American Transitional Care Ctrs. of Tex., Inc. v. Palacios,*
46 S.W.3d 873 (Tex. 2001) ...............................................................................7

*Bowie Mem'l Hosp. v. Wright,* 79 S.W.3d 48 (Tex. 2002)......................................10

*Broders v. Heise,* 924 S.W.2d 148 (Tex. 1996).........................................................5

*Christus Health Southeast Tex. v. Broussard,* 267 S.W.3 531 (Tex.
App.—Beaumont 2008, no pet.)..........................................................................5

*Christus Spohn Health Sys. Corp. v. Castro,* No. 13-13-00302-CV,
2013 WL 6576041 (Tex. App.—Corpus Christi 2013, no pet.)
(mem. op.)....................................................................................................2, 4, 6

*Christus Spohn Health Sys. Corp. v. Johnston,*13-12-00778-CV, 2013
WL 2298471 (Tex. App.—Corpus Christi, May 23, 2013, no
pet.) ......................................................................................................................5

*Columbia North Hills Hosp. Subsidiary, L.P. v. Alvarez,* No. 02-10-
00342-CV, 2011 WL 3211239 (Tex. App.—Fort Worth,  July
28, 2011, no pet.) .................................................................................................2

*Fiess v. State Farm Lloyds,* 202 S.W.3d 744 (Tex. 2006)........................................3

*Garza v. DeLeon,* No. 13-13-00342-CV, 2013 WL 6730177 (Tex.
App.—Corpus Christi, Dec. 19, 2013, no pet.) ..................................................3

*Grynberg v. M-I L.L.C.,*  398 S.W.3d 864 (Tex. App.—Corpus Christi
2012, no pet.) .......................................................................................................3

*Haddad v. Marroquin,* No. 13-07-014-CV, 2007 WL 2429183 (Tex.
App.—Corpus Christi, Aug. 29, 2007, pet. denied)...........................................3

*Health Care Unlimited, Inc. v. Villarreal,* No. 13-09-00456-CV, 2010
WL 468061 (Tex. App.—Corpus Christi, Feb. 11, 2012, no
pet.) ......................................................................................................................2

*Hutchinson v. Montemayor,* 144 S.W.3d 614 (Tex. App.—San Antonio 2004, no pet.) ...................................................................................11

*Kingwood Pines Hosp., LLC v. Gomez,* 362 S.W.3d 740 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ...................................................8

*Murphy v. Mendoza,* 234 S.W.3d 23 (Tex. App.—El Paso 2007, no pet.) .......................................................................................................11

*Renaissance Healthcare Systems, Inc. v. Swan,* 343 S.W.3d 571 (Tex. App.—Beaumont 2011, no pet.) .............................................4, 5, 8, 9

*Salinas v. Kristensen,* No. 13-08-00110-CV, 2009 WL 4263107 (Tex. App.—Corpus Christi, Nov. 25, 2009, pet. denied) .......................................3

*Scoresby v. Santillan*, 346 S.W.3d 546 (Tex. 2011) ...............................12

*Twist v. Flores,* 13-03-171-CV, WL 1919505 (Tex. App.—Corpus Christi, May 13, 2010, no pet.) ...............................................................2

*TTHR, L.P. v. Coffman,* 338 S.W.3d 103 (Tex. App.—Fort Worth, 2011, no pet.) .......................................................................................4

*Wilcox v. Montalvo,* No. 13-10-611-CV, 2011 WL 1443689 (Tex. App.—Corpus Christi, Apr. 14, 2011, no pet.) .............................................8

**STATUTES AND RULES**

TEX. HEALTH & SAFETY CODE § 241.027(b) ...........................................6, 9

25 TEX. ADMIN. CODE § 133.44 ...............................................................6, 9

TEX. CIV. PRAC. & REM. CODE § 74.402(b) .............................................5

TEX. CIV. PRAC. & REM. CODE § 74.402(b)(1) ........................1, 2, 3, 4, 5

TEX. CIV. PRAC. & REM. CODE § 74.402(b)(2)(3) .................................5

NO. 13-14-00696-CV

IN THE COURT OF APPEALS
THIRTEENTH JUDICIAL DISTRICT
CORPUS CHRISTI/EDINBURG, TEXAS

_____

COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A
VALLEY REGIONAL MEDICAL CENTER,

Appellant

vs.

REYNALDO RAMIREZ, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF YOLANDA IRIS FLORES AND AS
REPRESENTATIVE OF ALL WRONGFUL DEATH BENEFICIARIES AND
AS NEXT FRIEND OF R.R.R. AND R.J.R., MINORS,

Appellee

_____

# APPELLANT'S RESPONSE TO APPELLEE'S SUR-REPLY BRIEF

_____

**TO THE HONORABLE THIRTEENTH COURT OF APPEALS:**

**I.      Section 74.402(b)(1) Applies and Nurse Spears is Unqualified.**

Plaintiff, in the Sur-Reply Brief, does not even attempt to argue that Nurse

Spears was "practicing health care in a field of practice that involves the same type

of care or treatment" as the nurses in this case at the time Plaintiff's claim arose or

at the time she prepared her report.  TEX. CIV. PRAC. & REM. CODE § 74.402(b)(1).

Indeed, since Nurse Spears was practicing in hematology and oncology, as

opposed to labor and delivery, no argument can be made that Nurse Spears satisfies this requirement.

Instead, Plaintiff maintains that Section 74.402(b)(1) does not apply because the hospital is not an individual. This would be a compelling argument if Plaintiff's suit were based solely on the direct acts of the hospital, and not, as it is, on the vicarious acts of the *individual* nurses at the hospital. As this Court has implicitly recognized, a vicarious liability action against a hospital based on the acts of individual nurses implicates Section 74.402(b)(1). *See Christus Spohn Health Sys. Corp. v. Castro*, No. 13–13–00302–CV, 2013 WL 6576041, at \*4-5 (Tex. App.—Corpus Christi Dec. 12, 2013, no pet.) (mem. op.); *Health Care Unlimited, Inc. v. Villarreal*, No. 13-09-00456-CV, 2010 WL 468061, at \*3-5 (Tex. App.—Corpus Christi Feb. 21, 2010, no pet.); *see also Columbia North Hills Hosp. Subsidiary, L.P. v. Alvarez*, No. 02–10–00342–CV, 2011 WL 3211239, at \*3-5 (Tex. App.—Fort Worth July 28, 2011, no pet.) (mem. op.) (applying Section 74.402(b)(1) in case involving, among other claims, a vicarious claim against hospital nurses).

Plaintiff suggests, without referencing any authority, that since this Court did not explain why it was applying Section 74.402(b)(1), its authority should be disregarded in favor of opinions from other courts of appeals. In fact, this Court is bound by its own precedent, and not opinions from sister courts of appeals. *Twist*

*v. Flores*, No. 13-03-171-CV, 2010 WL 1919505, at *4 (Tex. App.—Corpus Christi May 13, 2010, no pet.) (noting "we are bound by our own precedent"); *Salinas v. Kristensen*, No. 13-08-00110-CV, 2009 WL 4263107, at *4 (Tex. App.—Corpus Christi Nov. 25, 2009, pet. denied) ("We, thus, are bound by our precedent"); *Haddad v. Marroquin*, No. 13-07-014-CV, 2007 WL 2429183, at *6 (Tex. App.—Corpus Christi Aug. 29, 2007, pet. denied) ("we are compelled to follow our own precedent"); *see also Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 749–50 (Tex. 2006) (holding that courts are "bound to consider the principles of stare decisis" and that "stare decisis has its greatest force in cases construing statutes...."); *Garza v. Deleon*, No. 13-13-00342-CV, 2013 WL 6730177, at *5 (Tex. App.—Corpus Christi Dec. 19, 2013, no pet.) ("as a decision of one of our sister courts it is not binding authority"); *Grynberg v. M-I L.L.C*., 398 S.W.3d 864, 871-72 (Tex. App.—Corpus Christi 2012, no pet.) ("*Chaves* is from the Houston First District Court of Appeals and *Norwood* is from the Amarillo Court of Appeals, both sister courts, and we are not bound to follow a decision of another court of appeals."). There is no reason to think, and Plaintiff advances none, that this Court was unaware of the language of Section 74.402(b)(1) when it applied it to vicarious liability cases against hospitals involving the conduct of individual nurses.

3

Further, this Court's application of Section 74.402(b)(1) in *Castro* and *Villarreal* is a reasonable construction of the statute. When a plaintiff's claims concern the conduct of individual nurses, as opposed to direct conduct of the hospital, it logically follows that the expert should be practicing in a field that involves the same type of care or treatment as the individual nurses.

A case relied on by Plaintiff, *TTHR, L.P. v. Coffman*, 338 S.W.3d 103, 112 (Tex. App.—Fort Worth 2011, no pet.), demonstrates the distinction between a direct claim against a hospital and a vicarious claim based on the conduct of individual nurses. In *Coffman*, the court of appeals declined to apply Section 74.402(b)(1) when a patient brought a direct claim against a hospital for improperly releasing her medical records. Unlike *Coffman*, Plaintiff's claim in this case is based on the care administered by individual nurses, and not a general hospital standard of care involving the release of medical records, and as such triggers application of Section 74.402(b)(1).

Further, the language in *Renaissance Healthcare Systems, Inc. v. Swan*, 343 S.W.3d 571 (Tex. App.—Beaumont 2011, no pet.), stating that Section 74.402(b)(1) does not apply to a hospital should not, as Plaintiff urges, be applied "globally" to both vicarious and direct liability claims. *Swan* found Section 74.402(b)(1) inapplicable to the hospital in the specific context of the direct negligent credentialing claim against the hospital, and not the vicarious claim.

4

*Swan*, 343 S.W.3d at 588-89 (rejecting the assertion that an expert was unqualified because he was not involved with a hospital quality assurance committee, which would pertain to the negligent credentialing claim); *see also Christus Spohn Health Sys. Corp. v. Johnston*, No. 13-12-00778-CV, 2013 WL 2298471, at *1 (Tex. App.—Corpus Christi May 23, 2013, no pet.) (noting a negligent credentialing claim is a direct liability claim).[1]

Because Section 74.402(b)(1) applies to the vicarious liability claims against the Hospital based on the conduct of its individual nurses, Nurse Spears was required, at the time the Plaintiff's claim arose or at the time she prepared her report, to be practicing in a field of practice involving the same type of care as the labor and delivery nurses. She was not, and Plaintiff does not suggest that she was. Accordingly, she is unqualified to opine on the standard of care in this case.

## II. Plaintiff Cannot Explain How Nurse Spears Has Experience in the Relevant Context.

Nurse Spears is also unqualified because her CV and report fail to explain how, in the specific context of R.N.s working in labor and delivery, she has the specific knowledge, skill, experience, training, or education to opine in this case. TEX. CIV. PRAC. & REM. CODE § 74.402(b)(2),(3); *Broders v. Heise*, 924 S.W.2d 148, 153 (Tex. 1996). Plaintiff states without explanation that "Nurse Spears

---

[1] Plaintiff's reference to *Christus Health Southeast Tex. v. Broussard*, 267 S.W.3d 531, 535 (Tex. App.—Beaumont 2008, no pet.) should be disregarded because the court did not address the qualifications of an expert; thus, the language discussing Section 74.402(b) is *dicta*.

connects her training, experience, and certifications, to the relevant context (emergent care and Labor and Delivery)." Yet, the record reveals otherwise.

Nurse Spears has <u>no</u> R.N. experience in labor and delivery, yet her opinions are directed at R.N.s in labor and delivery. Her only experience in labor and delivery was nine years ago as an L.V.N., where she acted under the direction of an R.N. (CR 124). Nurse Spears does not explain how being under the direction of R.N.s in labor and delivery nine years ago now qualifies her to opine concerning their standard of care.

Thus, Plaintiff's attempt to distinguish *Christus Spohn Health Sys. Corp. v. Castro* misses the mark. As in *Castro*, Nurse Spears does not have "relevant experience in . . . the relevant field of practice" in the same context as the care provided by the nurses. *Id*. at *4. Accordingly, Nurse Spears' report, the only report offered on the standard of care or breach of the standard of care, does not satisfy the criteria of the TMLA and Plaintiff's health care liability claim must be dismissed.

## III. Nurse Spears' Vague Discussion of the Standard of Care is Inadequate.

Plaintiff's Sur-Reply Brief does not dispute that Texas law precludes the nurses from ordering patient transfers. Tex. Health & Safety Code § 241.027(b); *see also* 25 Tex. Admin. Code § 133.44. Seemingly recognizing this fact, the Sur-

6

Reply Brief drops discussion of the standard of care as the nurses refusing to permit transfer, which obviously is not the standard under Texas law.

Plaintiff now focuses on Nurse Spears' statement that "the VRMC nurses should have advocated for her to remain at VRMC" (CR 178). This bare conclusion does not give sufficient factual detail to satisfy the requirements of the TMLA.

The Texas Supreme Court instructs that "[w]hether a defendant breached his or her duty to a patient cannot be determined absent *specific information* about what the defendant should have done differently." *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 880 (Tex. 2001). There is no specific information here.

Plaintiff's Sur-Reply does not identify where Nurse Spears explains what the nurses were required to do to advocate against the transfer. In fact, Nurse Spears does not explain to whom the nurses were required to advocate, whether they were to follow a chain of command in doing so, nor what factors were they were required to advocate.

To the extent Nurse Spears' report can be read as stating that the standard of care required the nurses to avoid facilitating or permitting the transfer, and even ignoring the fact that the nurses could not, as a matter of law, permit the transfer, there is likewise no factual explanation as to what the nurses were specifically

required to do. There is no discussion of how the nurses were to avoid facilitating the transfer, whether they were required to refuse the doctor's orders, nor whether they were required to follow a chain of command. Nurse Spears' report does not address any of these issues, and neither does Plaintiff's Sur-Reply Brief.

Plaintiff does not distinguish the *Kingwood* and *Wilcox* opinions, where, as here, the expert articulated a conclusory standard of care without explaining how it should have been accomplished. *Kingwood Pines Hosp., LLC v. Gomez*, 362 S.W.3d 740, 748 (Tex. App.–Houston [14 Dist.] 2011, no pet.) (plaintiff's expert reports were inadequate when they only stated a "conclusion that appellants did not provide a safe and secure environment for V.G., but [did] not specify how this should have been accomplished."); *Wilcox v. Montalvo*, No. 13-10-611-CV, 2011 WL 1443689, at *1, *4 (Tex. App.—Corpus Christi Apr. 14, 2011, no pet.) (expert report conclusory and inadequate in describing the standard of care in making sure to take proper precautions in transferring patients from wheelchairs to beds, because "the report [did] not mention what precautions should be taken to properly transfer a patient").

Meanwhile, the *Swan* opinion relied upon by Plaintiff illustrates the type of factual specificity missing in this case. In *Swan*, the expert explained the factual details of the nurses advocating for different treatment:

> A qualified PACU nurse also has the obligation to act as the patient's advocate. In the presence of a clinically unstable patient[,][a] PACU

8

nurse should have insisted that either Dr. Baker or Dr. McHargue come to and remain at the bedside. In addition, should the anesthesiologist or neurosurgeon fail to institute the right treatment[,] ... the nurse has not only the right but the obligation to rapidly institute the chain of command. This requires the involvement of a qualified supervisor and involves the summoning of another qualified anesthesiologist and surgeon to provide the appropriate care of the patient.

*Swan*, 343 S.W.3d at 576.

This is the type of factual specificity missing from Nurse Spears' report. Because Nurse Spears' conclusions on the standard of care do not satisfy the TMLA's most basic requirements, Plaintiff's health care liability claim must be dismissed with prejudice.

## IV. Plaintiff's Sur-Reply Further Illustrates the Disconnect between Nurse Spears' and Dr. Harlass' Reports.

As discussed in Appellant's Briefing, Dr. Harlass' only opinion on the causal link as to Valley Regional is that its personnel's "permitting and facilitating the transfer" caused Mrs. Flores' death (CR 114). In the Sur-Reply Brief, Plaintiff does not dispute that Texas law does not allow nurses to transfer patients between hospitals. TEX. HEALTH & SAFETY CODE § 241.027(b); *see also* 25 Tex. Admin. Code § 133.44. As such, Nurse Spears' statement that the nurses breached the standard of care by permitting the transfer cannot, as a matter of law, satisfy the requirements of the statute.

What is left from Dr. Harlass' report on causation is facilitating the transfer. Again, Nurse Spears' report does not actually assert that the standard of care is for the nurses to refuse to facilitate transfer, and this Court cannot infer that that is what she meant to say. *Bowie Mem'l Hosp. v. Wright,* 79 S.W.3d 48, 52 (Tex.2002). Even if Nurse Spears' report could be read as requiring the nurses to refuse to facilitate transfer, as described above, any such statement is impermissibly conclusory.

Dr. Harlass never opined that the nurses' failure to advocate against the transfer was the cause of Mrs. Flores's death. Rather, the only standard of care common to both Nurse Spears' and Dr. Harlass' report is that the nurses permitted or facilitated the transfer.

Nurse Spears' statements on standard of care and breach simply do not correspond to Dr. Harlass' opinions on causation. *Compare* (CR 171) (Dr. Harlass opines that Valley Regional personnel caused Mrs. Flores' death by "permitting and facilitating the transfer") *with* (CR 120) (Nurse Spears opines that "[t]he VRMC nurses should have advocated for her to remain at VRMC rather than permitting and facilitating her transfer. . . . ."). The result is that Dr. Harlass does not opine that any of Nurse Spears' articulated breaches of the standard of care caused Mrs. Flores' death. Accordingly, Dr. Harlass' report fails to satisfy the

10

TMLA's causal link requirement, and the trial court abused its discretion in denying Valley Regional's motion to dismiss.

## V. The Fact that the Nurses Do Not Have the Authority to Permit or Not Permit Transfer Renders Dr. Harlass' Opinion on Causation Inadequate.

As noted in Appellant's Briefing, the care rendered by the Hospital's nurses could not be a cause as a matter of law because it was the physicians' decision alone to order the transfer. While Plaintiff responds to this argument as to Nurse Spears' opinions on the standard of care, Plaintiff offers no response that this fact renders Dr. Harlass' causation opinion inadequate.

Plaintiff's reports are impermissibly speculative because the nurses are legally incapable of transferring a patient and therefore could not have caused the death by permitting or facilitating the transfer, or in failing to advocate against the transfer. *Murphy v. Mendoza*, 234 S.W.3d 23, 28 (Tex. App.—El Paso 2007, no pet.) (holding that expert's opinion was speculative and conclusory where it was not supported by the facts and the expert relied upon an assumption); *Hutchinson v. Montemayor*, 144 S.W.3d 614, 618 (Tex. App.—San Antonio 2004, no pet.) (liability in a medical malpractice suit cannot be made to turn upon speculation or conjecture). That is, even if the nurses had not permitted or facilitated the transfer, and had advocated against it, it was still the physician's decision to transfer the patient. Given this fact, Dr. Harlass' opinion on causation does not "provide a

11

basis for the trial court to conclude that the plaintiff's claims have merit." *Scoresby v. Santillan*, 346 S.W.3d 546, 556 (Tex. 2011).

Plaintiff's expert reports fail individually and collectively to satisfy the basic requirements of the Texas Medical Liability Act. Accordingly, this Court should reverse the trial court's denial of Valley Regional's motion to dismiss.

WHEREFORE, PREMISES CONSIDERED, Defendant Valley Regional Medical Center finds nothing in the Appellee's Brief that diminishes its right to relief, and reiterates the prayer in Appellant's Brief with even greater confidence.

Respectfully submitted,


\_\_/s/Thomas F. Nye_____
Thomas F. Nye
State Bar No. 15154025
Robert W. Clore
State Bar No. 24012436
Gault, Nye & Quintana, L.L.P.
717 Everhart Road, Suite A
Corpus Christi, Texas 78411
(361) 654-7008
(361) 654-7001 Telecopier

ATTORNEYS FOR APPELLANT,
VALLEY REGIONAL MEDICAL
CENTER

## Rule 9.4(i) Certification

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 2,563.

__/s/Thomas F. Nye _____
Thomas F. Nye

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to counsel, as listed below, on this the 15th of June, 2015, in accordance with the Texas Rules of Civil Procedure.

Walter L. Boyaki - wboyaki@aol.com
Gaines West – gaines.west@westwebblaw.com

**VIA E-FILING**

__/s/Thomas F. Nye _____
Thomas F. Nye