**CHRISTUS SPOHN HEALTH SYSTEM CORP. d/b/a Christus Spohn Hospital Kleberg, Appellant**

v.

**Melissa HERNANDEZ, Appellee**

**No. 04–15–00812–CV**

Court of Appeals of Texas, San Antonio.

Delivered and Filed: April 27, 2016

Michelle Elaine Robberson, Cooper & Scully PC, Dallas, TX, Nicki Elgie, Blaine A. Holbrook, Evans, Rowe & Holbrook PC, San Antonio, TX, for Appellant.

Thomas J. Henry, Greggory Teeter, Law Office of Thomas J. Henry, Jude Smith, Corpus Christi, TX, for Appellee.

Sitting: Sandee Bryan Marion, Chief Justice, Patricia O. Alvarez, Justice, Jason Pulliam, Justice

## OPINION

Opinion by: Patricia O. Alvarez, Justice

In the underlying lawsuit, Appellee Melissa Hernandez sued Appellant Christus Spohn Health System Corp. d/b/a Christus Spohn Hospital Kleberg (the "Hospital"), alleging the Hospital's negligence contributed to the injuries Hernandez sustained when she was sexually assaulted by one of the Hospital's nurses. In a prior appeal, this court held the trial court erred in

denying Hernandez's request for an extension of time to cure her expert report after the Hospital initially challenged the expert report provided by Hernandez. *See Hernandez v. Christus Spohn Health Sys. Corp.*, No. 04–14–00091–CV, 2015 WL 704721, at *4–5 (Tex.App.–San Antonio Feb. 18, 2015, no pet.) (mem.op.). After the cause was remanded, Hernandez filed a supplemental expert report which was again challenged by the Hospital. In this appeal, the Hospital challenges the trial court's order denying its motion to dismiss, asserting the trial court abused its discretion because Hernandez's expert report either did not provide any opinion regarding causation or, in the alternative, any such opinion on causation was conclusory and legally insufficient to satisfy the expert report requirements of section 74.351 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6) (West Supp.2015).

We agree Hernandez's expert report was insufficient. Accordingly, we reverse the trial court's order and render judgment dismissing Hernandez's claims against the Hospital. We remand the cause to the trial court to determine the amount of court costs and attorney's fees the Hospital should be awarded pursuant to section 74.351(b)(1) of the Code. *Id.*

## Factual Background

Hernandez sought medical treatment at the emergency room of the Hospital for severe stomach pain. During the course of her treatment, Hernandez alleged she was sexually assaulted by Andres Bueno, one of the Hospital's nurses. With regard to the Hospital, Hernandez alleged the following departures from the applicable standard of care:

- failing to properly train and supervise [Bueno];
- retaining [Bueno] as an employee;
- failing to monitor [Bueno];
- failing to implement proper procedures to prevent the types of acts committed by [Bueno];
- failing to implement procedures regarding the proper actions to be taken when improper conduct is reported to other staff members;
- failing to implement procedures and train employees with regard to charting medical information in patient files;
- failing to implement procedures regarding how to properly assist a patient in changing their garments;
- failing to train employees regarding the proper way to administer medication;
- failing to train employees to address patients by their proper name;
- failing to provide an environment in which patients can maintain their autonomy;
- failing to prevent [Bueno] from having contact with additional patients pending the investigation of the claims made against him.

Hernandez initially served the Hospital with an expert report provided by Shelley A. Botello, a registered nurse. *Hernandez*, 2015 WL 704721, at *1. In the prior appeal, we held the report sufficiently implicated the Hospital's conduct, noting:

Apart from Bueno's actions and the concerns regarding his training, supervision, and retention, the report implicates the Hospital's conduct in training its staff in general and implementing procedures to ensure a patient's safety. For example, the report states that a staff member observed Hernandez in the examination room with her breast exposed. The report then states, "Standard of care would indicate that all staff is responsible to recognize, intervene, and

then report any inappropriate behaviors or medical practice observed in violation of patient's rights." In addition, the report states that Hernandez reported Bueno's inappropriate action to another female nurse before leaving the hospital. The report then states:

> Standard of care in the acute medical setting, upon complaint to fellow staff members, is to address the complaint at the time of presentation. Practice is to notify up the chain of command to assess if further immediate action is indicated for patient safety. There is no documentation of Mrs. Hernandez' outcry to staff nurse or follow up for resolution of situation.

Finally, the report states that the Hospital breached these standards of care by failing to take the appropriate actions to protect the patient population and by failing "to provide a safe environment in which its patients could seek medical care without the fear of predator behaviors from its staff once they had been made aware of a violation of patient safety." Having reviewed the report, we conclude the report implicates the Hospital's conduct, Botello is an individual with expertise in the emergency room setting, and Botello opines in the report that Hernandez's claim has merit. *Id.* at *3–4. Although we held the report was sufficient in describing the applicable standards of care and the manner in which they were breached by the Hospital, we also held Botello was not qualified to opine on causation. *Id.* We further concluded Hernandez could cure the deficiency by obtaining a separate report on causation from a qualified expert, and because the trial court abused its discretion in denying Hernandez's request for a thirty-day extension, we remanded the cause for further proceedings. *Id.* at *4–5.

On remand, Hernandez served the Hospital with an expert report prepared by George A. Glass, M.D. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6). The Hospital filed a motion to dismiss challenging the sufficiency of the report on the element of causation. *Id.* The trial court denied the Hospital's motion, and the Hospital appeals.

### EXPERT REPORT REQUIREMENT AND STANDARD OF REVIEW

When presented with a motion to dismiss a healthcare liability claim, the trial court must determine whether the expert report " 'represents a good-faith effort to comply with the statutory definition of an expert report.' " *Bowie Mem'l Hosp. v. Wright,* 79 S.W.3d 48, 52 (Tex.2002) (quoting *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 878 (Tex.2001)). The statute defines an expert report as "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding the applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6). In evaluating an expert report, the trial court looks only to the information within the four corners of the report and is prohibited from drawing any inferences. *Am. Transitional Care Ctrs.,* 46 S.W.3d at 878; *Diagnostic Research Group v. Vora,* 473 S.W.3d 861, 872 (Tex.App.–San Antonio 2015, no pet.).

We review the trial court's decision regarding the adequacy of an expert report under an abuse of discretion standard. *Van Ness v. ETMC First Physicians,* 461 S.W.3d 140, 142 (Tex.2015). "A trial court abuses its discretion if it rules without reference to guiding rules or principles." *Id.*

## CAUSATION REQUIREMENT

■ As previously noted, the Hospital challenges the adequacy of Glass's report on the element of causation. In an expert report, the "expert must explain, based on facts set out in the report, how and why the breach caused the injury." *Id.* "An expert cannot simply opine that the breach caused the injury." *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex.2010); *see also Van Ness*, 461 S.W.3d at 142 ("A bare expert opinion that the breach caused the injury will not suffice."). Instead, "the expert must go farther and explain, to a reasonable degree, how and why the breach caused the injury" by linking the defendant's alleged failures to the plaintiff's injury. *Jelinek*, 328 S.W.3d at 539–40; *see also Costello v. Christus Santa Rosa Health Care Corp.*, 141 S.W.3d 245, 249 (Tex.App.–San Antonio 2004, no pet.) (noting expert report must explain causal connection between claimed omissions and injury); *Hutchinson v. Montemayor*, 144 S.W.3d 614, 617 (Tex.App.–San Antonio 2004, no pet.) (noting report must link the defendant's alleged inaction to the plaintiff's injury).

■ In this case, although Glass makes reference to the staff member observing Hernandez with her breast exposed and Hernandez's reporting of the incident to another nurse and hospital administration, Glass makes no reference to the applicable standards of care or the manner in which those actions breached the applicable standards of care. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6); *Jelinek*, 328 S.W.3d at 539–40. Glass also never refers to Botello's report or the breaches she identified in her report. *See Hutchinson*, 144 S.W.3d at 617. Because Glass does not reference any alleged breaches of the applicable standards of care, his report could not causally link those alleged breaches to Hernandez's alleged injuries. *See Van Ness*, 461 S.W.3d at 142. In-

stead, after opining that Hernandez was suffering from Major Depression as well as Post Traumatic Stress Disorder, the only statement Glass makes in his report regarding causation is the following: "In my opinion, these two psychiatric problems are a direct result of, and were caused by Ms. Hernandez having been sexually abused by the Christus Spohn Kleberg Hospital nurse, Andres Bueno." *See Costello*, 141 S.W.3d at 249.

As this court previously noted, however, "Hernandez's claims against the Hospital are not that the Hospital committed the sexual assault." *Hernandez*, 2015 WL 704721, at *2. The statement in Glass's report, however, does not link the Hospital's alleged failures to Hernandez's injuries by explaining how and why the Hospital's administrative failures resulted in the sexual assault, thereby proximately causing Hernandez's injuries. *See Hollingsworth v. Springs*, 353 S.W.3d 506, 518–19 (Tex.App.–Dallas 2011, no pet.) (noting expert was required to link failed management responsibilities to plaintiff's injuries and explain how the administrative breaches proximately caused the injuries). We further conclude the statement does not explain how the Hospital's failures were a substantial factor in bringing about the alleged sexual assault. *See Kingwood Pines Hosp., LLC v. Gomez*, 362 S.W.3d 740, 750 (Tex.App.–Houston [14th Dist.] 2011, no pet.) (holding report deficient on statutory element of causation because expert provided no explanation regarding how and why hospital's failures resulted in the alleged molestation); *Costello*, 141 S.W.3d at 249 (noting "causation is established by proof that the negligent act or omission was a substantial factor in bringing about the harm and without which the harm would not have occurred").

## CONCLUSION

Because Glass's expert report does not explain how the Hospital's failures caused

Hernandez's injuries, the report did not provide a fair summary of the causal relationship between the Hospital's failures and the injury, harm, or damages claimed by Hernandez. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6); *Costello*, 141 S.W.3d at 249. As a result, Glass's report did not comply with the statutory definition of an expert report. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6); *Bowie Mem'l Hosp.*, 79 S.W.3d at 52. Thus, the trial court abused its discretion in denying the Hospital's motion to dismiss. *See Van Ness*, 461 S.W.3d at 142.

Accordingly, the trial court's order is reversed, and judgment is rendered dismissing Hernandez's claims against the Hospital with prejudice to the refiling of the claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(2) The cause is remanded to the trial court to determine the amount of court costs and attorney's fees the Hospital should be awarded pursuant to section 74.351(b)(1) of the Code. *Id.* § 74.351(b)(1).