

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00550-CV

**JOSE VAZQUEZ-VICENTE, M.D.** d/b/a Advanced Health Institute for Women's Health, P.A.,
Appellant

v.

Priscilla **VILLARREAL-TREVINO**,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2021CVB001055D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:  Rebeca C. Martinez, Chief Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: August 31, 2022

REVERSED AND RENDERED; CAUSE REMANDED

Jose Vasquez-Vicente, M.D. d/b/a Advanced Health Institute for Women's Health, P.A. ("Advanced Health") appeals the trial court's order denying its motion to dismiss the claims filed by Priscilla Villarreal-Trevino ("Villareal") because she failed to timely serve an expert report. We reverse the trial court's order and render judgment dismissing Villareal's claims against Advanced Health. We remand the cause to the trial court to determine the amount of court costs and attorney's fees Advanced Health should be awarded pursuant to section 74.351(b)(1) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1).

## BACKGROUND

In June 2021, Villarreal sued Advanced Health, alleging that Advanced Health was negligent in the management of Villareal's alleged pregnancy complications. On June 16, 2021, Advanced Health filed its original answer. On July 8, 2021, Advanced Health filed a plea in abatement arguing Villarreal failed to provide the sixty-day pre-suit notice for health care liability claims mandated by the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a) (requiring "[a]ny person . . . asserting a health care liability claim [to] give written notice of such claim . . . to each physician or health care provider against whom such claim is being made at least 60 days before the filing of the suit . . . ."). The trial court subsequently signed an order abating the case "until 60 days after Plaintiff's counsel provides notice and a medical authorization pursuant to Tex. Civ. Prac. & Rem. Code §§ 74.051 and 74.052."

On October 18, 2021, Advanced Health moved to dismiss Villareal's lawsuit with prejudice pursuant to Section 74.351(b) of the Texas Civil Practice and Remedies Code, arguing that 120 days had elapsed since it filed its answer and Villareal had not served it with an expert report. *See id.* § 74.351(b). Villarreal filed a response, asserting that the expert report deadline had not expired because the case was abated and Advanced Health, by agreeing to abate the case, agreed to extend the deadline for serving the expert report. *See id.* § 74.351(a). The trial court held a hearing on Advanced Health's motion to dismiss and denied the motion. Advanced Health then filed this interlocutory appeal.

## STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's order denying Advanced Health's motion to dismiss under the abuse of discretion standard of review. *Emeritus Corp. v. Highsmith*, 211 S.W.3d 321, 326–27 (Tex. App.—San Antonio 2006, pet. denied). "A trial court has no discretion in determining what the law is or applying the law to the facts." *Schwartz v. Fipps*, 553 S.W.3d 549, 552 (Tex. App.—

San Antonio 2018, no pet.) (citation omitted). "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* (citation omitted).

A plaintiff who brings a health care liability suit must comply with the requirements of the Texas Medical Liability Act. TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001–.507. Under the Act, a plaintiff must "not later than the 120th day after the date each defendant's original answer is filed . . . serve on that party or the party's attorney one or more expert reports . . . for each physician or health care provider against whom a liability claim is asserted." *Id.* § 74.351(a). If the plaintiff does not timely serve the defendant with an expert report, the trial court "on the motion of the affected physician or health care provider, shall . . . enter an order that: (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim." *Id.* § 74.351(b); *see also Baty v. Futrell*, 543 S.W.3d 689, 692 (Tex. 2018). Chapter 74 provides for an extension of the time to serve an expert report "by written agreement of the affected parties." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). "[A]n agreement of the parties that is intended to extend the statutorily mandated 120–day expert report deadline must explicitly state that the agreement is for that purpose." *Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 250 (Tex. 2010).

**ANALYSIS**

In two issues, Advanced Health argues the trial court erred in denying its motion to dismiss because Villareal failed to timely serve an expert report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a)–(b). Villareal responds that the expert report deadline had not expired because the case was abated and Advanced Health, by agreeing to abate the case, agreed to extend the deadline for serving the expert report. *See id.* § 74.351(a).

Villareal's time to serve her expert report expired on October 14, 2021—120 days after Advanced Health filed its answer on June 16, 2021. *See id.* It is undisputed that Villareal did not serve an expert report on or before October 14, 2021. However, the parties dispute whether the trial court's order abating the case constituted a "written agreement of the affected parties" to extend the time Villareal had to serve an expert report. *Id.* Advanced Health relies on *Emeritus Corp.*, 211 S.W.3d at 330, where we held that "an agreement to abate a case to permit a plaintiff to comply with the sixty-day notice requirement does not in and of itself extend the time for serving an expert report." *Id.*

We follow our court's decision in *Emeritus Corp.* and hold that the trial court's order abating the case did not extend the time Villareal had to serve an expert report. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). The trial court's order states that "all proceedings in this cause are abated until 60 days after Plaintiff's counsel provides notice and a medical authorization pursuant to Tex. Civ. Prac. & Rem. Code §§ 74.051 and 74.052." The Order did not contain an explicit written extension agreement or mention Section 74.351(a)'s expert report deadline. *See Emeritus Corp.*, 211 S.W.3d at 330 (trial court's order abating the case did not extend the expert report deadline under Section 74.351 because there was no evidence that the parties or their attorneys agreed to extend the deadline for serving an expert report and appellee's attorney's affidavit stating her understanding that the abatement order extended the deadline was insufficient because it was a unilateral understanding and not an agreement); *see also McDaniel*, 306 S.W.3d at 253 ("[I]f parties intend to extend the 120–day deadline for a threshold expert report, the parties' agreed order must make a clear acknowledgment of their intent to do so."). Although the abatement order in this case was an agreed order by both parties, we hold it was simply an agreement to abate the case for sixty days. *See Emeritus Corp.*, 211 S.W.3d at 330; *see also Hagedorn v. Tisdale*, 73 S.W.3d 341, 348–49 (Tex. App.—Amarillo 2002, no pet.) (holding sixty-

day abatement to permit plaintiff to comply with pre-suit notice required for a health care liability claim did not extend deadline for serving expert report).

Therefore, the trial court's order abating the case, on its own, did not extend the expert report deadline. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a); *Emeritus Corp.*, 211 S.W.3d at 330. Villarreal's failure to serve the expert report in a timely manner left the trial court with no discretion but to dismiss her claims with prejudice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(2); *see also Lal v. Harris Methodist Fort Worth*, 230 S.W.3d 468, 476 (Tex. App.—Fort Worth 2007, no pet.). Therefore, the trial court's denial of Advanced Health's motion to dismiss was an abuse of discretion. *See Emeritus Corp.*, 211 S.W.3d at 330. We sustain Advanced Health's two issues on appeal.

## CONCLUSION

We reverse the trial court's order and render judgment dismissing Villareal's claims against Advanced Health. We remand the cause to the trial court to determine the amount of court costs and attorney's fees Advanced Health should be awarded pursuant to Section 74.351(b)(1) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1); *see also Christus Spohn Health Sys. Corp. v. Hernandez*, 492 S.W.3d 819, 821 (Tex. App.—San Antonio 2016, no pet.).

Rebeca C. Martinez, Chief Justice